## A. G. Kaufman, Appellant, v. H. W. Sorrels, Appellee.

1. ACCORD AND SATISFACTION—*when established.* ''The principle that a liability cannot be discharged by payment and acceptance of a less sum, applies only to a payment ·in money. A valid accord and satisfaction takes place where some specific article of personal property or a conveyance· of real property is accepted in satisfaction of the demand. This is true irrespective of the intrinsic value of the property. The fact that the property was of less value than the demand, or that it is of very small value as compared with the claim for which it was accepted, is immaterial.''

2. PUBLIC POLICY—*parties to illegal transaction.* Where two or more parties engage in a fraudulent transaction to injure another, neither law nor equity will interfere to relieve either of the parties as against the others, from the consequences of their own misconduct.

Assumpsit. Appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 20, 1911.

ANDREW L. CHEZEM and J. M. NEWMAN, for appellant.

CHARLES G. ECKHART, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action to recover the value of certain merchandise alleged to have been sold and delivered by the plaintiff to the defendant, the court found the issues for the defendant, and rendered judgment in bar of action and for costs. The plaintiff thereupon appealed. To the declaration the defendant pleaded the general issue and a special plea of accord and satisfaction, alleging that the defendant delivered and the plaintiff accepted certain goods in satisfaction and discharge, to which the plaintiff replied denying a return of the goods mentioned.

The facts involved, so far as we deem it necessary to state them, are that on July 30, 1910, the defendant was indebted to the plaintiff, a distiller, in the sum of $1303.83, being the balance due for liquors, cigars and other merchandise theretofore purchased by him at various times from the plaintiff. About this time the defendant had upon hand a stock of liquors, etc., and had rented a room in Mattoon, to be used as a saloon, from one Knight, for the term of three years, the plaintiff guaranteeing the payment of the rent. While an application by the defendant to the city council, for a license to conduct a saloon, was pending, an ordinance

was adopted placing the premises referred to without the territory in which saloons were to be permitted. The defendant was thus unable to use the premises for saloon purposes, and Knight, his landlord, levied a distress warrant upon his stock of liquors, etc., for unpaid rent due him.

The evidence introduced by the defendant tends to show that thereupon the plaintiff, through one Shelby, his agent, then agreed that if the defendant would turn the merchandise over to one Manuel, the plaintiff would release him from further liability upon his indebtedness, and that thereupon Shelby prepared an order, addressed to the defendant, for the merchandise, which order was thereupon signed by Manuel; that such order was accepted and acted upon by the defendant, and presented by Manuel to Knight, who refused to release his attachment lien upon the merchandise, unless he should be furnished with a forthcoming bond; that Manuel, for the purpose of showing that the merchandise was in his possession, procured a bill of sale for the merchandise to be signed by both plaintiff and defendant, and was thereby enabled to obtain surety upon the forthcoming bond demanded, and the merchandise was delivered to Manuel. The evidence further shows that afterward, upon two occasions, the plaintiff demanded payment for the merchandise from Manuel, but made none upon the defendant until the institution of the present suit.

The plaintiff's version of the transaction is that the bill of sale was executed merely for the purpose of aiding Manuel in procuring surety upon the forthcoming bond, so that the goods might be relieved from the lien of Knight's attachment for rent. He denies that there was ever any actual transfer, delivery, surrender or acceptance of the goods in discharge and payment of the indebtedness here involved. Shelby, the agent for the plaintiff, testified that the goods represented by the bill of sale, were at the time "in a building owned by

Bill Knight and he sued for rent and Sorrels couldn't give bond in Coles county and Manuel could, so this was made out to show the man Manuel was going to have go on his bond that he had the goods in his possession so he could give bond there and get the goods loose, or get them out so he could get hold of them."

It is manifest that if the evidence warrants the contention of the defendant, that the goods were returned to the plaintiff and by him received, in full accord and satisfaction of the indebtedness, the present judgment was warranted. "The principle that a liability cannot be discharged by payment and acceptance of a less sum, applies only to a payment in money. A valid accord and satisfaction takes place where some specific article of personal property or a conveyance of real property is accepted in satisfaction of the demand. This is true irrespective of the intrinsic value of the property. The fact that the property was of less value than the demand, or that it is of very small value as compared with the claim for which it was accepted, is immaterial." 1 Cyc. 335-6. If, on the contrary, the plaintiff's version of the transaction be accepted, he nevertheless cannot recover. The only purpose of the transaction could have been to deceive the person whom Manuel proposed to procure as surety upon the forthcoming bond, by leading him to believe that the property belonged to Manuel, and thereby induce him to become surety, when otherwise he would not have done so. The transaction was thus clearly fraudulent, and the rule that where two or more persons engage in a fraudulent transaction to injure another, neither law nor equity will interfere to relieve either of the parties as against the others, from the consequences of their own misconduct, is applicable. Cook v. Meyers, 166 Ill. 282. Upon either theory the judgment of the circuit court was proper, and it will be unnecessary for us to determine which was the correct one.

The judgment of the circuit court is affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part.