Lucille Seeder, Appellant, v. George N. Zoros, Appellee.

Gen. No. 42,025.

Heard ·in the first division of this court for the first district at the October term, 1941. Opinion filed June 1, 1942.

HAROLD L. EISENSTEIN, of Chicago, for appellant; ABNER GOLDENSON and CARL B. APLON, both of Chicago, of counsel.

LORD, BISSELL & KADYK, of Chicago, for appellee; L. DUNCAN LLOYD and THEODORE C. DILLER, both of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff sought to recover from defendant, as bailee, $1,500, the value of a mink coat which she had delivered to him for storage and repairs and which he failed to return on demand. Defendant filed an amended motion to dismiss the complaint and plaintiff filed counter-affidavits. After considering the respective affidavits the court sustained defendant's motion and dismissed the cause. Plaintiff subsequently moved to have this order vacated, which was denied, and she appeals.

In this court she asks that both these orders of the circuit court be reversed and the cause remanded with directions to the court to hear and determine disputed questions of fact.

Defendant's affidavit in support of his motion to dismiss alleged that he was a furrier, in the business in Chicago for many years; that plaintiff delivered to him at his place of business a mink fur coat for the purpose of ascertaining whether its color could be

changed; that afterwards, while he was exercising due care and caution for its safety it disappeared, presumably having been stolen; that immediately he notified plaintiff about this and she advised him that the coat was covered by an insurance policy issued by the Northern Assurance Company; that shortly thereafter a Mr. Fabans, an agent of the insurance company, called on defendant and requested him to cooperate in furnishing plaintiff with a new coat to replace the missing one. Defendant then offered to make a mink fur coat greatly superior to the original one, for $1,200—the designing and supervising of its construction and the foregoing of all profit on the new coat to be contributed by defendant to the replacement of the lost coat. To this the agent of the insurance company assented.

The crux of the controversy is the next paragraph of defendant's affidavit, which is as follows: "8. Thereafter defendant did make a new full length mink fur coat of a current market value of approximately $2000.00, being greatly superior to the original coat in quality and of much greater value, and on or about November 29, 1940, the defendant delivered said new fur coat to the plaintiff who accepted said new coat and stated that it was much finer and more valuable than the original coat and that she was completely satisfied with it." The affidavit then alleges that the insurance company issued its check for $1,236, representing the $1,200 which it agreed to pay, and $36 representing the 3 per cent occupational tax, which check was payable to both plaintiff and defendant. It was indorsed by both and paid to the defendant.

The first counter-affidavit of plaintiff was by S. B. Fabans, which denied in general terms that he ever had any conversation or agreement with the defendant concerning the coat. There was also an affidavit by Anton Drabik asserting that he was an employee of

the Marine Survey & Adjustment Co., and that he and L. M. Fellows investigated for the Northern Assurance Company the disappearance of the coat from the premises of the defendant; that they had numerous conferences and conversations with defendant relative to this, and negotiated for the purchase of a mink coat to be made by defendant to the satisfaction of plaintiff. Drabik denied that either he, or Fellows accepted defendant's offer to make a new fur coat superior to the original coat at the cost of $1,200. It also stated that defendant did make a new coat for plaintiff and delivered it to her, but asserted that defendant received payment from her for the new coat.

Plaintiff argues that the denial by Fabans that he negotiated with defendant raised an issue of fact upon which the court should have heard evidence. We do not think this is important. Apparently plaintiff made a mistake only as to the name of the insurance agent, which was Fellows instead of Fabans, for the counter-affidavit admits that the insurance agent Fellows, with Drabik, negotiated with the defendant. There was no dispute of defendant's averment that he delivered a new mink coat worth $2,000 to plaintiff, who accepted it stating that she was "completely satisfied with it."

In her complaint plaintiff placed a maximum value of $1,500 on the coat which was lost. In *Neal v. Handley*, 116 Ill. 418, 423, it was held that payment of a lesser sum is not a satisfaction of a greater sum, but if the claimant receives something of greater value it will be held to be in satisfaction, otherwise the plaintiff would not have accepted it. See also *Kaufman v. Sorrels*, 164 Ill. App. 324. And in 6 Williston on Contracts (Rev. Ed.) § 1855, the author says: "If the parties are dealing orally with one another and the debtor offers the creditor a check in full satisfaction which the creditor takes, it must be inferred that he assents to the terms." In the instant case, regardless

of any negotiations with the agent of the Northern Assurance Company, when plaintiff accepted the new coat from defendant and expressed herself as completely satisfied with it, she automatically released her claim against defendant for the loss of the old coat.

It appears in the motion to vacate the judgment that this suit was brought for the benefit of the Northern Assurance Company, which had insured plaintiff. This company has no greater right than the plaintiff, and if plaintiff has released her claim, any claim of the insurance company is also released. *Platt v. Richmond, Y. R. & C. R. Co.,* 108 N. Y. 358.

Plaintiff's brief argues that she paid for the new coat when the defendant received payment on the insurance company's check for $1,236. The check was payable to both plaintiff and defendant and neither could collect without the indorsement of both. *Hoffman v. First National Bank,* 299 Ill. App. 290. When the check was issued plaintiff had received a new coat and had released all claims against defendant. Apparently the inclusion of her name in the check was for the purpose of obtaining her release from the liability of the insurance company. The fact that the check was made payable to defendant also, who received payment, confirms the averment in his affidavit that the insurance company agreed to pay him $1,200 toward the cost of the new coat.

Apparently this suit on behalf of the insurance company is an attempt by it to minimize the amount of its liability to plaintiff under its policy. If it should prevail it would not only recoup the amount of its check—$1,236, but have a profit of the difference between this amount and $1,500, recovered from defendant. This cannot be.

Plaintiff might have had an enforceable claim against the insurance company and also her claim against the defendant. *Byalos v. Matheson,* 243 Ill. App. 60 (affirmed in 328 Ill. 269). But it does not

follow that the insurance company has any claim against the defendant, especially after plaintiff's claim against defendant has been released. There were no contractual relations between the insurance company and the defendant.

We hold that the action of the trial court in dismissing the complaint, and the order denying plaintiff's motion to vacate this order, were proper, and they are affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.