## Sarah Jane Merle, Appellee, v. National City Bank of Chicago, Appellant.

### Gen. No. 29,602.

BANKING—*when verdict properly directed for bank in trover for conversion of draft.* A bank, upon being sued in trover for the conversion of a draft sent to it by another bank and paid to some person who indorsed it, was entitled to a directed verdict where plaintiff offered no proof that she ever came into actual or constructive possession of the draft or was the owner of it or the party for whom it was intended, but relied wholly on the identity of her name with that of the payee in the draft and proved that it was paid by defendant to someone without her indorsement.

Appeal by defendant from the Circuit Court of Cook county; the Hon. WILLIAM J. FULTON, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed April 3, 1925. Rehearing denied April 18, 1925.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

HELMER, MOULTON, WHITMAN & HOLTON, for appellee; ROLAND D. WHITMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action of trover in which the defendant bank was found guilty of converting a draft made upon it by Security National Bank of the City of Dallas, Texas, to the order of Mrs. Wm. F. Merle. The declaration was in the usual common-law form, to which defendant pleaded the general issue.

Plaintiff's evidence was to the effect that the draft was paid by defendant, that the indorsement thereon in the name of the payee was not made by plaintiff, and that the draft produced in court was borrowed from the bank in Dallas for that purpose. Defendant's motion for a directed verdict having been denied, the only evidence it introduced was that tending to show that the indorsement was in plaintiff's handwriting. On that question plaintiff introduced evidence in rebuttal. At the close of all the evidence defendant again made a motion for a directed verdict, which was denied.

There was no proof whatever made or offered by plaintiff that she ever came into the actual or constructive possession of the draft, nor proof of any circumstance tending to show she was the owner thereof or the party for whom it was intended. To supply this element in the case plaintiff relied wholly on the identity of her name with that of the payee in the draft, and proved that it was paid by defendant to some one without her indorsement. Without other proof defendant was entitled to a directed verdict.

Trover is a possessory action. It is a well-recognized principle that plaintiff must show that he has either a general or special property in the thing converted and the right to take possession at the time of the alleged conversion. (26 R. C. L., sec. 41, p. 1131; *Bailey v. Godfrey*, 54 Ill. 510; *Bertholf v. Quinlan Bros & Co.*, 68 Ill. 297; *Frink v. Pratt & Co.*, 130 Ill. 331.) This principle was said in *Montgomery v. Brush*, 121 Ill. 513, to be so elementary in its character as not require citation of authorities in its sup-

port. In fact, the principle is not questioned. But plaintiff claims to have made a prima facie case of her right to possession of the draft from proof of the mere fact that it bears her name as payee. In support of this position counsel cite *Pickle v. Muse,* 88 Tenn. 380. The case is not in point. It was contended there that because there had been no delivery of the check to the payee named therein he could not maintain a suit against the bank on which it was drawn and which claimed payment thereof. In that case (which was not a case of trover) it was not questioned that the maker of the check was indebted to the payee, and the right to maintain the action was based on the theory of agency and that complainant had ratified receipt of the check from the maker, his debtor.

Counsel also cite the cases of *Hamlin's Wizard Oil Co. v. U. S. Exp. Co.,* 265 Ill. 156 [7 N. C. C. A. 638]; *Foster v. Graf,* 287 Ill. 559, and *Higgin Mfg. Co. v. Foreman Bros. Banking Co.,* 222 Ill. App. 29, on the question of where the burden of proof lies to show authority to indorse the name of a payee. We fail to see their relevancy. In these cases the right of the payee to the checks on which the right to recovery was based, was affirmatively shown and not questioned. They have no bearing on the question here involved, namely, the necessity of plaintiff to prove her right to the possession of the draft at the time of its alleged conversion. It was incumbent upon plaintiff to prove that fact to maintain her cause of action, and there was no proof of any circumstance tending to show her right of possession or even that she was the intended payee. There is an entire absence of any testimony throwing any light on this question. The mere fact that plaintiff borrowed the check from the drawer bank to which it had been returned by defendant for the purpose of introducing it in evidence had no tendency whatever to show that it ever came into her

possession or that she was entitled to possession of it prior to that time.

As there was no evidence of plaintiff's right to the possession of the check, the court should have directed a verdict for defendant. For that reason the judgment must be reversed. The majority of the court, of which the writer is not one, think the cause should be remanded.

*Reversed and remanded.*

FITCH, P. J., and GRIDLEY, J., concur.