Rae Symons Hoffman, Appellant, v. The First National Bank of Chicago, Successor by Consolidation to First Union Trust and Savings Bank and to Foreman State National Bank, Appellee.

Gen. No. 40,244.

Opinion filed March 29, 1939.  Rehearing denied April 12, 1939.

ERICH E. PACYNA, of Chicago, for appellant.

AMBERG, OTT, DAHLIN & LIVINGSTON and NAT M. KAHN, all of Chicago, for appellee; NAT M. KAHN, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from an order entered by the court on January 24, 1938, sustaining the motion of the defendant to strike for insufficiency the plaintiff's third verified amended complaint. The action is one in trover for the illegal conversion of the proceeds of plaintiff's check by the defendant bank. The plaintiff in her verified third amended complaint included in her action a count of assumpsit for the recovery of the proceeds of her check, plus interest thereon, and also a count for damages resulting to and suffered by her because of the wrongful and illegal cashing and payment by the defendant of her check to another person. The check was dated July 22, 1931, and was drawn by J. H. Kraemer & Son in the amount of $4,804.75 on the Foreman-State National Bank, the drawee, payable to Rae and Abe Symons. The check was deposited with the First Union Trust & Savings

Bank after the names of the payees were indorsed on the check, and the First Union Trust & Savings Bank collected the amount of the check from the drawee, the Foreman Bank. The First National Bank of Chicago became successor by consolidation of the First Union Trust & Savings Bank, and the First National Bank of Chicago is the sole defendant in this action. The Foreman Bank, the drawee, at the time of the transaction was a separate entity. Plaintiff's action is not as one payee, but as sole claimant to the proceeds of the check drawn on the Foreman Bank and cashed by the First Union Trust & Savings Bank, which was succeeded by the First National Bank of Chicago.

The verified third amended complaint sets forth that the plaintiff remarried one Harry Hoffman since filing this suit; that on July 22, 1931, J. H. Kraemer & Son signed the check, which was made payable to her for $4,804.75; that she was the owner of the check and was to have and receive the check and the proceeds thereof; that the check was not received nor indorsed by her nor by any other person at her request; that without her knowledge or consent J. H. Kraemer & Son delivered the check to one Abe Symons (her ex-husband) about the last mentioned date; that the defendant or its predecessors indorsed and cashed the check; that the First Union Trust & Savings Bank cashed the check and paid the above sum; that the plaintiff did not know nor learn of the issuance and delivery of the check for more than two years after its date; that the check should have been delivered to her and to no other person, but it never was delivered to her; that the alleged name or signature of "Rae Symons" appearing on the back of the check was and is not her signature nor indorsement but was written or forged thereon by some other person; that she never authorized nor empowered any other person to write,

sign or indorse her name on the back of the check at any time; that shortly after learning of the issuance, delivery, forging and cashing of the check she notified the defendant thereof in writing; that upon defendant's demand she made, furnished and delivered to it an affidavit wherein she stated she never received the check, that the name and signature of ''Rae Symons'' on the back of the check was not her signature nor indorsement but was forged thereon; that she never authorized nor empowered any person to sign or indorse her name on the back of the check, and that she never received any moneys or proceeds of the check at any time or place. That written demand on the defendant for payment of the amount of the check was made on July 18, 1935; that it refused payment and that the sum of money and check had been converted to its own use, to the damage of the plaintiff for the above sum and interest thereon from and after the date of the check.

The defendant urges that its motion to strike for insufficiency the third amended complaint and to dismiss the suit, tentatively admitted for the purpose of testing the pleading, the foregoing facts alleged by the plaintiff, namely, that she was to have the entire proceeds of the check, but never received the check, etc., but the main ground of defendant's motion to strike for insufficiency plaintiff's third amended complaint was that since the plaintiff claimed the check was never delivered to the plaintiff or to anyone in her behalf, the plaintiff had no right or title to the check, and that she was relegated to her original claim, if any, against the drawer of the check. The court sustained defendant's motion and dismissed the suit.

In the discussion of this appeal from the order granting the defendant's motion to strike for insufficiency the plaintiff's verified third complaint, we are controlled by this questioned amended complaint. The

facts alleged are that the check was dated July 22, 1931, and was drawn by J. H. Kraemer & Son in the amount of $4,804.75, on the Foreman-State National Bank, payable to Rae and Abe Symons. The check was deposited with the First Trust & Savings Bank after the names of the payees were indorsed on the check. It is further stated in the amended complaint that the check was delivered to Abe Symons, plaintiff's ex-husband, by J. H. Kraemer & Son, and not to her. However, Abe Symons, being one of the payees named in the check, was entitled to receive the check, and, under the circumstances, retain possession thereof. The check was made payable to joint payees, and of course the actual manual possession of the check must be in some one of the payees, and on the face of the check the interest of Abe Symons is that of a joint payee. Therefore, he held the check for himself and the other payee. Upon a like question, as to the effect of the receipt of a note payable to a joint payee, the Supreme Court in the case of *Ryhiner v. Feickert,* 92 Ill. 305, said: "In all cases where notes are payable to joint payees, instead of partners, the actual manual possession of the notes must be in some one of the payees. It is impossible that it can be in all at the same time. The faces of these notes disclose the interest of the holder—that he is joint payee, and that therefore he holds for himself and for all the other payees—and rebut any presumption that might arise otherwise from the mere possession of the notes."

Plaintiff alleges that there was a delivery of this particular check, payable jointly to the plaintiff and Abe Symons. Therefore as Abe Symons was in joint possession, he held for himself and for the other payee, as did the holder of the note in the case just cited.

It is true the plaintiff does allege that her name was indorsed on the check without her knowledge or consent; that J. H. Kraemer & Son delivered the check

to Abe Symons, her ex-husband; that she was the owner of the check and was to have and receive the check and the proceeds thereof, and that her alleged name or signature appearing on the back of the check is not her signature nor indorsement, but was written or forged thereon by some other person, and that for that reason she is entitled to recover the amount of this check.

The provision applicable to this case is par. 61, sec. 41, ch. 98, entitled Negotiable Instruments (Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 89.061]), which provides: "Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse unless the one indorsing has authority to indorse for the others."

It is evident that one indorsing the name of a joint payee must have authority to do so. In *Crahe v. Mercantile Trust & Savings Bank*, 295 Ill. 375, in following this provision of the Negotiable Instruments Act, where a check was delivered to an attorney, who, representing the claimant, settled the judgment for $750 and took in payment thereof a check for $761, in which his client and the attorney were joint payees, and the attorney afterward presented the check to the Fort Dearborn National Bank for payment by the indorsement of his client's name on the check, together with his own, the Supreme Court held that the attorney was without authority; that the indorsement of his client's name was a forgery, and that he received the money evidenced by the check. The court also held that the liability of the bank to the payee for her share of the proceeds of the check drawn payable to the order of herself and her attorney and upon which her name was forged by the attorney, was not affected by the fact that the attorney had an interest in the proceeds of the check, where he had no authority to indorse the client's name. So that, in the instant case

the bank is liable to the payee for a share in the proceeds of the check which was drawn to the order of the plaintiff and her ex-husband, and upon which her name was forged. As we have already stated, the check was in the possession of her ex-husband, and he being a joint payee had an interest which he divested himself of by his indorsement, and the question here to be considered is whether the plaintiff is entitled to the full amount of the check.

We believe from an examination of the authorities, as well as of the allegations of fact, that the court erred in striking the third verified amended complaint, and the question of fact as to plaintiff's interest in the check must be made an issue so that she may have an opportunity to prove what interest, if any, she had in the check which was payable jointly to her and her ex-husband, Abe Symons.

For the reasons stated in this opinion, the judgment for the defendant is reversed and the cause remanded for such further action as may be consistent with the views herein expressed.

*Reversed and remanded.*

Denis E. Sullivan, P. J., concurs, and Burke, J., takes no part.