JEFFREY C. ORDING *et al.*, Plaintiffs-Appellants, *v.* JOHN E. SPRINGER *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-1182

Opinion filed September 4, 1980.

244

Kenart M. Rahn, of Chicago, for appellants.

Jay A. Schiller and R. Steven Polachek, both of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was based upon a complaint of nine counts seeking multiple relief. The complaint was originally filed in the chancery division of the circuit court of Cook County by plaintiffs, Jeffrey C. Ording and Land Acquisitions, Ltd., a corporation. Defendant John E. Springer, along with others, filed a motion to dismiss. The trial court, after receiving memoranda, entered an order sustaining defendants' motion as to the first four counts and denied the motion as to the remaining five. The five sustained counts were transferred as to the law division of the circuit court for hearing. In so doing, the trial court declined to find that there was no just reason to delay enforcement or appeal, pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)). Plaintiffs proceeded to file an interlocutory appeal from that part of the trial court's order dismissing count III of the complaint, which sought injunctive relief. An appeal was filed with this court pursuant to Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)(1)). The trial court, in dismissing count III, found no basis upon which injunctive relief could be granted. We affirm.

We first reach plaintiffs' assertion that they are properly before this court under Supreme Court Rule 307(a)(1). We agree with that assertion and proceed to clarify the rules of appeal as they apply to this case. Rule 307(a)(1) provides:

"(a ) Orders Appealable; Time. An appeal may be taken to the Appellate Court from an interlocutory order of court

(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction."

Appeal to this court may be proper, although the trial court does not

expressly find that there is no just reason to delay enforcement or appeal. The granting or denial of an injunction which is interlocutory in nature is an appealable order. (*Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 178, 303 N.E.2d 1, 2; *Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 655, 370 N.E.2d 47, 49.) Interlocutory appeal is available as a matter of right from the dismissal or striking of any count of a complaint seeking injunctive relief. See Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)(1)); *Field Surgical Associates, Ltd. v. Shadab, M.D.* (1978), 59 Ill. App. 3d 991, 376 N.E.2d 660.

Next, plaintiffs question the trial court's finding no basis to grant injunctive relief, for lack of an enforceable property right.

■■ The rule is well established that failure to object at trial to a complaint's failure to state a cause of action is not a waiver. (See *Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162.) The objection that a complaint fails to state a cause of action may be raised at any time. See *People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 373 N.E.2d 530.

■■ Further, in order for injunctive relief to be obtained, a plaintiff must clearly establish a protectible property right. (See *S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73.) The record before us indicates plaintiffs' complaint merely alleges an oral contract for services to be rendered in the development of real estate.

The complaint alleged that in September 1978, plaintiff Ording and defendant Springer entered into a verbal agreement with respect to Ording's employment on behalf of defendant North Barrington Development, Inc. (Development). Under the terms of the agreement, compensation was to be paid as fees to a corporation, to be incorporated and controlled by Ording and to be known as Land Acquisitions, Ltd. (Land Acquisitions). Development was to also lend a sum of money to Ording for the purchase of an automobile. Ording performed numerous assigned tasks, for which Development paid Land Acquisitions $300 per week.

The complaint further alleged that in November 1978, plaintiffs Ording and Land Acquisitions on the one hand, and defendants Springer and Development on the other, entered into a verbal agreement of joint adventure under which Springer and Development were to enter into a real estate contract to purchase a tract of land. Defendant Springer and plaintiff Ording were to finance the purchase of said property, either out of their own funds or by mortgage or other loans guaranteed by them, and were to advance all expenses of the development on behalf of the joint adventure. Ording and Land Acquisitions were to furnish all services, planning and expertise necessary for the development of the tract of land, including the obtaining of municipal and county permits or approvals. It was agreed that upon completion of the development the property would be sold and the profits, if any, would be divided between Springer and Development on

the one hand, and Ording and Land Acquisitions on the other. In the division of the profits, Springer and Development were to receive a guaranteed amount, to be determined after an estimate of the expenses and costs. Ording and Land Acquisitions were to receive all of the remaining profits.

In addition to the share of the profits, Ording and Land Acquisitions could retain other benefits of the agreement. They would be entitled to the sum of $10,000 as a finder's fee in connection with the purchase of the real estate. Ording would also be entitled to free rental of the residence already constructed on the property.

■■ It was alleged that pursuant to the verbal agreement, Development entered into a real estate sale contract for the purchase of the real property and improvements upon the property. The complaint does not allege an interest in the land nor an enforceable lien on the part of plaintiffs. Any compensation due and owing plaintiffs would have to be sought at law for the reasonable value of the services rendered. The counts in the complaint which prayed such relief were properly transferred to the law division of the circuit court.

■■ Our only concern on review of this interlocutory appeal is whether there was a sufficient showing to sustain the order of the trial court granting or denying the relief sought. (See *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348, 302 N.E.2d 394.) If any ground relied upon by the trial court in granting the motion to dismiss was proper, an appellate court will be required to affirm the judgment. (See *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.) The plaintiffs before us were not a party to the real estate sale contract attached to the complaint. It is the showing that no protectible property right existed, which supports the judgment of the trial court. The record indicates the complaint was insufficient to state a claim for equitable relief. The decision to strike the counts praying such relief was proper.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

LINN, P. J., and JIGANTI, J., concur.