BURKS DRYWALL, INC., Plaintiff-Appellee, *v.* WASHINGTON BANK AND TRUST COMPANY, Defendant-Appellant.—REDMAN PLUMBING, Plaintiff-Appellee, *v.* WASHINGTON BANK AND TRUST COMPANY, Defendant-Appellant.

Second District   Nos. 82—150, 82—153 cons.

Opinion filed November 22, 1982.

James E. Saloga, of Nadelhoffer, Hennessy, Dommermuth & Brestal, of Naperville, for appellant.

David J. Kramer, of Yorkville, for appellees.

JUSTICE NASH delivered the opinion of the court:

Defendant, Washington Bank and Trust Company (Bank), appeals from orders of the circuit court of Du Page County, entered in separate actions, which denied the Bank's motions to dismiss plaintiffs' complaints and entered summary judgments in favor of the plaintiffs, Burks Drywall, Inc. (Burks), and Redman Plumbing (Redman), respectively. On the motion of all parties, we consolidated the two causes on appeal.

Burks and Redman each filed a three-count complaint against the Bank seeking damages pursuant to section 3—419 of the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1979, ch. 26, par. 3—419) for

the Bank's alleged conversion of certain checks of which Burks or Redman were co-payees and which were presented and cashed by the Bank over the forged endorsement of plaintiffs. Burks sought recovery for three checks made payable jointly to Burks and McNeely, Inc. (McNeely), a nonparty, having a total face value of $9,334. Similarly, Redman sought recovery for three other checks, two of which were payable jointly to Redman and McNeely, and one payable solely to Redman, having a total face value of $14,000. The Bank answered both complaints; however, upon receipt of plaintiffs' motions for summary judgment, and without withdrawing its answers, the Bank filed motions to dismiss plaintiffs' complaints pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) for alleged failure to state a cause of action due to insufficient factual allegations of ownership of the checks by plaintiffs. These motions were heard (apparently without objection) together with plaintiffs' summary judgment motions. The trial court denied the Bank's motions to dismiss and granted summary judgment for each plaintiff.

On appeal the Bank contends: (1) the trial court erred in denying its motions to dismiss the complaints; (2) the affidavits filed in support of plaintiffs' motions for summary judgment do not conform to Supreme Court Rule 191 (73 Ill. 2d R. 191); and (3) that the entry of summary judgment was erroneous.

## SECTION 45 MOTION

Each count of the two complaints dealt with a single check but contained substantially identical allegations. Each count alleged, *inter alia*, the identity of plaintiff and defendant; that plaintiff was one of the named payees of a specific check drawn on Reserve Savings & Loan Association of Elmhurst, Illinois (Reserve); that plaintiff was the lawful owner of the check in that the check was to be transferred from Reserve to plaintiff as payment for labor supplied and materials incorporated into certain real estate on behalf of McNeely; that McNeely was a customer and depositor of the Bank; that neither the plaintiff nor its agents endorsed or authorized the endorsement of the check at any time; that McNeely, through its agents, forged the endorsement of plaintiff and deposited the checks in McNeely's account at the Bank; that the plaintiff's purported endorsement on the check is a forgery; and, that defendant has refused to pay plaintiff for the amount of the check. Copies of the checks and their stub receipts were attached as exhibits to the complaints.

The Bank contends that the complaints fail to state a cause of action under section 3—419 of the UCC (Ill. Rev. Stat. 1979, ch. 26,

par. 3—419) in that they fail to allege delivery of the checks to plaintiffs; sufficient facts to indicate ownership; and, the existence of any obligation between Reserve and plaintiffs.

■■ ■ Initially, plaintiffs contend that the Bank has waived its rights to object to the pleadings since it had answered the complaints. Generally, where a complaint substantially although imperfectly alleges a cause of action, the defendant waives any defect by answering it without objection. (*Pathman Construction Co. v. Hi-Way Electric Co.* (1978), 65 Ill. App. 3d 480, 486, 382 N.E.2d 453, 458; *County of Winnebago v. Willsey* (1970), 122 Ill. App. 2d 149, 153-54, 258 N.E.2d 138, 140.) The only exception to this rule is where the complaint wholly fails to state a cause of action. (*Ording v. Springer* (1980), 88 Ill. App. 3d 243, 245, 410 N.E.2d 428, 430; *Pathman Construction Co. v. Hi-Way Electric Co.* (1978), 65 Ill. App. 3d 480, 486, 382 N.E.2d 453, 458.) While the defendant's objections to the pleadings do not fall within this limited exception, the plaintiffs' failure to raise in the trial court the issue of defendant's waiver of objections to the pleadings precludes them from raising such issue on appeal. (*Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 217-18, 408 N.E.2d 981, 985.) Thus, we will address the merits of defendant's motions to dismiss.

■■ In considering whether plaintiffs' complaints state a cause of action under section 3—419 of the UCC we note that for the purposes of ruling on a motion to dismiss all well-pleaded facts contained in a complaint must be taken as true and all inferences therefrom must be drawn in favor of the nonmovant. (*Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 344, 408 N.E.2d 1041, 1046; *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 677, 384 N.E.2d 100, 101, *appeal denied* (1979), 74 Ill. 2d 586.) Additionally, as exhibits become part of a complaint for all purposes, a motion to dismiss also admits the facts contained in such exhibits. (Ill. Rev. Stat. 1979, ch. 110, par. 36; *Illinois Bell Telephone Co. v. Dynaweld, Inc.* (1979), 70 Ill. App. 3d 387, 391, 388 N.E.2d 157, 160; *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 451, 300 N.E.2d 279, 281.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. (*Felbinger & Co. v. Traiforos* (1979), 76 Ill. App. 3d 725, 733, 394 N.E.2d 1283, 1289; *J.J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 407, 365 N.E.2d 721, 723.) Although Illinois requires fact rather than notice pleading (Ill. Rev. Stat. 1979, ch. 110, pars. 33(3), 42(2); *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17, 440 N.E.2d 96, 98), a

complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs the defendants of a valid claim under a general class of cases. *Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products, Inc.* (1978), 66 Ill. App. 3d 709, 713, 384 N.E.2d 123, 126; *Kramer v. McDonald's System, Inc.* (1978), 61 Ill. App. 3d 947, 956, 378 N.E.2d 522, 531, *aff'd* (1979), 77 Ill. 2d 323, 396 N.E.2d 504.

Section 3—419 of the UCC provides in pertinent part:

"(1) An instrument is converted when

\* \* \*

(c) it is paid on a forged indorsement.

(2) In an action against a drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument." (Ill. Rev. Stat. 1979, ch. 26, par. 3—419.)

Although there are few Illinois cases interpreting this section of the UCC, it has been noted that paragraph (1)(c) of section 3—419 was intended to be a codification of prior Illinois common law under the former Negotiable Instruments Act. See Ill. Ann. Stat., ch. 26, par. 3—419, Illinois Code Comment, at 327 (Smith-Hurd 1963); at 53 (Smith-Hurd Supp. 1981); *Justus Co. v. Gary Wheaton Bank* (N.D. Ill. 1981), 509 F. Supp. 103, 105.

■ A review of the case law reveals that the elements of a cause of action for conversion under section 3—419(1)(c) of the UCC and prior law are plaintiffs' ownership of, interest in or right to possession of the check; plaintiffs' forged or unauthorized endorsement on the check; and defendant bank's unauthorized cashing of the check. (*Justus Co. v. Gary Wheaton Bank* (N.D. Ill. 1981), 509 F. Supp. 103, 105; *Independent Oil Men's Association v. Fort Dearborn National Bank* (1924), 311 Ill. 278, 280-81, 142 N.E. 458, 459; *Crahe v. Mercantile Trust & Savings Bank* (1920), 295 Ill. 375, 377, 129 N.E. 120, 121; *Smith v. General Casualty Co.* (1979), 75 Ill. App. 3d 971, 974, 394 N.E.2d 804, 806; *Hoffman v. First National Bank* (1939), 299 Ill. App. 290, 295-96, 20 N.E.2d 121, 124; *James v. Union National Bank* (1925), 238 Ill. App. 159, 164; *Merle v. National City Bank* (1925), 236 Ill. App. 347, 348.) The right to possession of the check is sufficient and actual possession is not required. (*Justus Co. v. Gary Wheaton Bank* (N.D. Ill. 1981), 509 F. Supp. 103, 106; *Crahe v. Mercantile Trust & Savings Bank* (1920), 295 Ill. 375, 377, 129 N.E. 120, 120; *Smith v. General Casualty Co.* (1979), 75 Ill. App. 3d 971, 974, 394 N.E.2d 804, 806; *Hoffman v. First National Bank* (1939), 299 Ill.

App. 290, 295-96, 20 N.E.2d 121, 123.) It has also been held under the UCC, that even if there is no enforceable obligation between the drawer and payee of a check, the drawee or collecting bank is still liable to such payee if it pays a check over that payee's forged endorsement. (*Trust Co. v. First National Bank* (1978), 241 Ga. 406, 407-08, 246 S.E.2d 282, 283-84.) In cases of conversion by a bank other than the drawee, the damages are presumed to be the face amount of the check converted. Ill. Rev. Stat. 1979, ch. 26, par. 3—419(2).

Other jurisdictions are in accord with these principles. *Citizens State Bank v. National Surety Corp.* (Colo. 1980), 612 P.2d 70 (elements of action); *Trust Co. v. First National Bank* (1978), 241 Ga. 406, 246 S.E.2d 282 (status as joint payee sufficient to give right of action); *Barnett Bank v. Lipp* (Fla. App. 1978), 364 So. 2d 28 (beneficial ownership of check in payee without possession); *Equipment Distributors, Inc. v. Charter Oak Bank & Trust Co.* (1977), 34 Conn. Supp. 606, 379 A.2d 682 (elements of action); *Lee v. Skidmore* (1976), 49 Ohio App. 2d 347, 361 N.E.2d 499 (payee has absolute right to recover on forged endorsement); *Harry H. White Lumber Co. v. Crocker-Citizens National Bank* (1967), 253 Cal. App. 2d 368, 61 Cal. Rptr. 381 (elements of action).

When plaintiffs' complaints and attached exhibits are examined in light of these cases, it is clear they state a cause of action. Not only do plaintiffs allege the right to ownership of the checks but they also allege the facts which give rise to that right, *viz*, the labor and materials supplied. Moreover, the exhibits on their face support these allegations. The plaintiffs have also alleged that endorsements were forged and unauthorized on the checks as well as the bank's wrongful cashing of the checks. No more is required to state a cause of action and the trial court properly denied defendant's motions to dismiss.

## SUMMARY JUDGMENT

Plaintiffs' motions for summary judgments were supported by the affidavits of the presidents of the Burks and Redman companies. They set forth the factual allegations contained in plaintiffs' complaints and each stated that all averments were based upon the personal knowledge of the affiant. Plaintiffs' motions also were supported by admissions of the Bank contained in answers to interrogatories propounded by plaintiffs. The asserted admissions included that McNeely was a customer of the Bank, that the Bank cashed the subject checks and deposited the proceeds in the McNeely account, that the Bank took no actions to verify the purported endorsements of plaintiffs in accordance with its policy of cashing any

check with a customer's endorsement, and that the Bank had never previously cashed, deposited or negotiated a check for plaintiffs.

In response, the Bank filed a memorandum by its attorney which argued, *inter alia*, that plaintiffs' complaints failed to state a cause of action, that plaintiffs' affidavits were not in compliance with Supreme Court Rule 191 (73 Ill. 2d R. 191) and that the Bank's answers to the complaints raised questions of fact. The Bank also filed the affidavit of one of its officers which essentially repeated the contents of the Bank's answers that it had insufficient knowledge to respond to plaintiffs' allegations. On this basis, the court granted summary judgment to plaintiffs.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57) provides that either plaintiff or defendant may move, with or without supporting affidavits, for summary judgment and the opposite party may file counteraffidavits. If the pleadings depositions, affidavits, exhibits and admissions on file in a case then show there are no remaining genuine issues of material fact, the moving party is entitled to summary judgment as a matter of law. (*Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268, 270, 435 N.E.2d 939, 940; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Heidelberger v. Jewel Companies, Inc.* (1974), 57 Ill. 2d 87, 92, 312 N.E.2d 601, 604.) If the party moving for summary judgment supplies evidentiary facts which, if not contradicted, would entitle him to judgment, the opposing party cannot rely upon his complaint or answer alone to raise issues of material fact. (*Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268, 270, 435 N.E.2d 939, 940; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 501, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) Summary judgment is a drastic remedy and is to be awarded with caution; only if the right of the movant is clear and free from doubt may it be granted. (*In re Estate of Tomaso* (1980), 82 Ill. App. 3d 286, 288, 402 N.E.2d 702, 704-05; *Indiana Harbor Belt R.R. Co. v. Budd Co.* (1980), 87 Ill. App. 3d 91, 94, 408 N.E.2d 944, 947.) Additionally, the existence of factual questions will not preclude summary judgment unless these facts are material to the litigation. *Grundy County National Bank v. Westfall* (1973), 13 Ill. App. 3d 839, 845, 301 N.E.2d 28, 32, *appeal denied* (1973), 54 Ill. 2d 597.

■ Initially, the Bank asserts the insufficiency of the plaintiffs' affidavits contending they do not state that the affiant could testify to the contents competently and that the affidavits consist of mere conclusions rather than evidentiary facts.

Supreme Court Rule 191 does not require affidavits to contain the

phrase "that the affiant, if sworn as a witness, can testify competently thereto" as suggested by the Bank. (*Saghin v. Romash* (1970), 122 Ill. App. 2d 473, 477, 258 N.E.2d 581, 583, *appeal denied* (1970), 44 Ill. 2d 586.) Rather, the rule is satisfied if from the document as a whole it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial. *Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 459-60, 417 N.E.2d 621, 630; *Tower Oil & Technology Co. v. Buckley* (1981), 99 Ill. App. 3d 637, 644-45, 425 N.E.2d 1060, 1067, *appeal denied* (1981), 85 Ill. 2d 582.

The affidavits submitted by plaintiffs amply meet the rule. They contain evidentiary facts, which would reasonably appear to be within the personal knowledge of the affiants, of specific facts setting forth the elements necessary to impose liability on the Bank pursuant to section 3—419 of the UCC. The affidavits together with the Bank's admissions establish a factual basis for plaintiffs' right to ownership, the forged endorsement of plaintiffs' names and the negotiation of the check by the Bank. Since damages are presumed to be the face amount of the checks converted (Ill. Rev. Stat. 1979, ch. 26, par. 3—419(2)), plaintiffs established their right to recover. Nevertheless, the Bank contends this is insufficient to support the entry of summary judgment. We do not agree.

■ Once a party has established its right to recover through well-pleaded facts in an affidavit in support of a motion for summary judgment, it is incumbent upon the opposing party to contradict those facts, if possible, with material facts contained in a counteraffidavit, and absent such counteraffidavit the facts alleged in the supporting affidavit must be taken as true. (*Meakens v. City of Chicago* (1980), 86 Ill. App. 3d 60, 62, 407 N.E.2d 893, 896, *appeal denied* (1980), 81 Ill. 2d 602; *Department of Law Enforcement v. Willis* (1978), 61 Ill. App. 3d 495, 499-500, 378 N.E.2d 239, 243, *appeal denied* (1978), 71 Ill. 2d 607; *Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 804, 352 N.E.2d 310, 314, *appeal denied* (1976), 64 Ill. 2d 598.) Mere reliance upon contrary averments in the party's answer is insufficient. (*Department of Law Enforcement v. Willis* (1978), 61 Ill. App. 3d 495, 499-500, 378 N.E.2d 239, 243, *appeal denied* (1978), 71 Ill. 2d 607; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) Counteraffidavits which purport to contradict facts based only upon information and belief are also insufficient. (*Hedrick v. Goodwin Brothers, Inc.* (1975), 26 Ill. App. 3d 327, 329, 325

N.E.2d 73, 75; *People ex rel. Highsmith v. County of Jefferson* (1967), 87 Ill. App. 2d 145, 149-50, 230 N.E.2d 480, 482, *appeal denied* (1968), 37 Ill. 2d 627.) Nor is the assertion that information necessary to a valid defense may be in the possession of some other party sufficient to defeat a motion for summary judgment since there are procedures to compel the production of such information. 73 Ill. 2d R. 191(b); *Wicks v. Bank of Belleville* (1977), 56 Ill. App. 3d 222, 228, 371 N.E.2d 1007, 1012.

We conclude the trial court properly entered summary judgments in favor of plaintiffs. The Bank failed both in its response to plaintiffs' motions and in its affidavits to set forth any material evidentiary facts which would raise a factual issue as to plaintiffs' right to recovery or rebut the presumption of the damages shown in this case.

For the foregoing reasons, the judgments of the circuit court of Du Page County denying defendant's motions to dismiss and entering summary judgments in favor of plaintiffs are affirmed.

Judgments affirmed.

REINHARD and UNVERZAGT, JJ., concur.