# CIRCUIT COURT OF THE CITY OF NORFOLK

Peter Zaret
and Peter Zaret Violins, Inc.

v.

First Virginia Bank
of Tidewater

October 24, 1995

Case No. (Law) L95-737

BY JUDGE CHARLES E. POSTON

This matter is now before the Court for a ruling on the Defendant's demurrer. I am of the opinion that the demurrer should be sustained in part and overruled in part. In considering the demurrer, of course, the Plaintiff's allegations are accepted as fact.

The Motion for Judgment alleges that plaintiff Zaret, beginning in 1983, was engaged in the business of selling, renting, and repairing violins. As part of his business, Zaret opened a business checking account with First Virginia Bank in 1983. In 1989, the plaintiff changed his business form from a sole proprietorship to a corporation, Peter Zaret Violins, Inc. Zaret, Inc., opened a corporate checking account with First Virginia that same year. Zaret kept the proprietorship account, but he only used it to deposit his personal payroll checks. On May 23, 1993, Zaret, Inc., closed its account with First Virginia and opened another at Signet Bank.

Beginning in 1992 and continuing through November 1994, an employee of Zaret, Inc., stole checks and cash belonging to Zaret, Inc. The employee forged Zaret's endorsement on the checks and deposited the checks and cash into Zaret's proprietorship account with First Virginia. Using deposit tickets and checks, the employee stole from the proprietorship account by withdrawing money from that account at First Virginia. Again, for purposes

of the demurrer, the facts alleged in the Motion for Judgment are accepted as true.

This action is governed by the Uniform Commercial Code (UCC) which has been codified in Title 8.1 of the Code of Virginia. The UCC clearly contemplates that its provisions may be supplemented by common law principles. Code § 8.1-103. However, it is equally clear that the UCC governs when its provisions displace the common law. *Id.*

## A. *Count One*

Count One alleges negligence, a common law remedy. The UCC provides a remedy to some by permitting actions for conversion. Code § 8.3A-420 (formerly § 8.3-419). Indeed, in Count Four, the plaintiffs have pleaded an action in conversion. Thus, if the plaintiffs have a remedy for conversion under the UCC, a common law action for negligence is not necessary to supplement the UCC and may not be alleged. *Great Lakes Higher Education Corp. v. Austin Bank*, 837 F. Supp. 892, 896 (N.D. Ill., 1993); *Jefferson Nat'l Bank v. First Va. Bank*, 29 Va. Cir. 296 (Fairfax, 1992).

As is discussed below, Zaret, Inc., does have an action in conversion under the UCC, and therefore, the order will reflect that the demurrer to Count One with respect to Zaret, Inc., is sustained. However, as discussed below, Zaret does not have an action for conversion under the UCC. Therefore, as to Zaret, the order will reflect that the demurrer to Count One is overruled.

## B. *Count Two*

Count Two alleges a breach of contract. There is no allegation in Count Two that a contractual relationship existed between Zaret, Inc., and the defendant. It is clear that in Virginia:

> [a] court may not base a judgment or decree upon facts not alleged or upon a right, however meritorious, that has not been pleaded and claimed. *Hensley v. Dreyer*, 247 Va. 25 (1994).

Moreover:

> the basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. *Gologanoff v. Gologanoff*, 6 Va. App. 340 (1988).

Virginia recognizes a cause of action for breach of contract by a depositor against a depositing bank. *Chase v. Norfolk Nat'l Bank,* 151 Va. 1040, 1050-1051 (1928). However, in the case at bar, the allegations concern Zaret's individual account with the defendant. Zaret, Inc., of course, had no interest in that account and was not a depositor.

Zaret does, however, allege a contractual relationship with the defendant in Count Two. The account at issue was his. He was the depositor. He has alleged sufficient facts to support a cause of action for breach of contract.

With respect to Count Two, then, the order will reflect that the demurrer is sustained as to Zaret, Inc., and overruled as to Zaret.

## C. *Count Three*

Count Three cannot be distinguished from Count One, since both allege negligence. Consequently, the same rulings with respect to Count One apply to Count Three.

## D. *Count Four*

The defendant concedes that Zaret, Inc., properly pleads a cause of action for conversion. However, the defendant justifiably seeks a bill of particulars as to that allegation. Consequently, the order will provide that the plaintiff file a bill of particulars within twenty-one days following entry of the order.

The defendant asserts that Zaret, individually, has no cause of action for conversion. The first sentence of Virginia Code § 8.3A-420 states that the law governing "conversion of personal property applies to instruments." Va. Code § 8.3A-420. One who is entitled to the immediate possession of an item wrongfully converted may bring an action for conversion. 19 Michie's Jurisprudence, *Trover and Conversion,* § 3.

Here, checks drawn upon funds in the individual account are alleged to have been converted. Thus, Zaret, in his individual capacity, would appear to be the drawer, even though the checks were forged. The Code defines "drawer" as the "person who signs or is identified in a draft as a person ordering payment." Va. Code § 8.3A-103 (Michie 1991 & Supp. 1995). However, a drawer "has no property rights in [an] instrument worthy of protection under the law of conversion." *Hawkland and Lawrence UCC Series,* § 3-419:04 (1994). Furthermore, the drawer lacks the right to the immediate possession of the check since beneficial ownership thereof is in the payee. *Life Ins. Co. of Va. v. Snyder,* 358 A.2d 859 (N.J. 1976). Therefore, under this provision, Zaret cannot recover for conversion.

The second sentence of § 8.3A-420 provides for another method of maintaining a conversion action. It states that an instrument is converted:

> if it is taken by transfer, other than negotiation, from a person not entitled to enforce the instrument, or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. Va. Code § 8.3A-420(a).

The official comment to this provision states that this provision applies to cases in which a bank takes an instrument bearing a forged endorsement. *Id.*, Off. cmt. 1.

The checks that Zaret, in his individual capacity, is suing on do not contain forged endorsements as that term is defined by statute. The Code defines endorsement as "a signature, other than that of a signer as maker, drawer, or acceptor ... ." Va. Code § 8.3A-204 (Supp. 1995). Here, the signature allegedly forged on the checks was the signature of Zaret, the drawer. It is clear that the second sentence of § 8.3A-420 will not allow recovery for Zaret.

Thus, Zaret may not recover for conversion, and the order will reflect that the demurrer as to Zaret is sustained.

In summary, the order will reflect that the Court sustains the defendant's demurrer with leave to amend within twenty-one days after entry of the order as to the following Counts:

1. Zaret, Inc.'s negligence claim set forth in Counts One and Three;
2. Zaret, Inc.'s breach of contract claim set forth in Count Two; and
3. Zaret's conversion claim set forth in Count Four.

The order will reflect that the defendant's demurrer is overruled as to the following Counts:

1. Zaret's negligence claim set forth in Counts One and Three;
2. Zaret's contract claim in Count Two.

Finally, the order will reflect that the plaintiff file a bill of particulars within twenty-one days after entry of this order.