MORRIS GOODMAN *et al.* v. C. F. KENDALL, *as Assignee of Bernheimer & Levi.*

No. 8079.

INSOLVENT DEBTOR — *Assignment — Preference of Creditors.* Where an insolvent debtor executes to two of his creditors chattel mortgages substantially at the same time that he executes a general assignment for the benefit of creditors, so that the execution of all constitutes a single transaction, no preference can be rightfully claimed under the mortgages.

*Error from Shawnee District Court.*

ACTION by C. F. Kendall, as assignee of Bernheimer & Levi, against Morris Goodman and David Carwalho. Defendants complain of the judgment, and bring the case to this court. The opinion, filed February 8, 1896, states the facts.

*Keeler, Welch & Hite,* for plaintiffs in error.
*Quinton & Quinton,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This is a controversy in regard to the validity of two chattel mortgages executed by Bernheimer & Levi in favor of two of their creditors at the same time that they executed a general assignment. They were dealers in millinery and fancy dry-goods in Topeka, but appeared to have carried on a losing business, and when the mortgages were executed they were actually insolvent. They had previously borrowed money from Morris Goodman and David Carwalho, who, learning of the financial stress of the firm, requested them to execute mortgages upon their stock to secure the payment of the indebtedness. They declined to execute the mortgages unless a deed of general assignment was prepared at the same time and executed on the same day. Accordingly, the mortgages and deed of assignment were prepared together, and before any of them were executed a temporary assignee was selected and arrangements made with him to at once take possession of the stock. The mortgages were then executed, and within a few minutes afterward the deed of assignment was also executed. The mortgages were first placed on record and from 10 to 15 minutes later the deed of assignment was presented for record.

The trial court ruled that the execution of the mortgages and deed of assignment constituted a single transaction, and that the mortgagees were not entitled to a preference over the general creditors. The facts in the case justified the view taken by the trial court, and bring it within the rule of *Hardware Co. v. Implement Co.*, 47 Kan. 423, and *National Bank v. Sands*, 47 id. 591. It is clear that all of the conveyances were in contemplation at the same time, the preparation of all commenced and proceeded together, and all were executed and completed substantially at the same time. In such case the preparation and execution of all must be treated as a simultaneous, continuous and single act, and no preference can be rightfully claimed under the mortgages.

Judgment affirmed.

All the Justices concurring.