C. F. DRAKE *et al.* v. SIMON REESE *as Sheriff.*
**No. 192.**

1. EVIDENCE—*not material error to admit incompetent, to prove a point well proven by competent.* Where there is an abundance of competent evidence to establish a fact, it is immaterial error to permit the introduction of incompetent evidence tending to establish such fact.

2. INSTRUCTIONS—*erroneous.* The following instruction does not · correctly state the law: "Under the Kansas Homestead Law, it was no fraud on the creditors represented by the defendant, for the plaintiffs, in good faith, to release the mortgage on the homestead and take in lieu thereof the chattel mortgage on the goods, except in so far as it covered goods purchased by Leeper Brothers from said creditors and at the time unpaid for, but if it did cover any such goods, to that extent it was void." And in this case the substantial rights of the plaintiffs in error were materially prejudiced by it.

Error from Bourbon District Court. Hon. J. S. West, Judge. Opinion filed December 22, 1897. *Reversed.*

*Walter L. Simons*, for plaintiffs in error.

*C. E. Cory*, for defendant in error.

DENNISON, P. J. This is an action in replevin brought in the District Court of Bourbon County, Kansas, by the plaintiffs in error, as plaintiffs, against the defendant in error, as defendant, to recover from him the possession of certain goods and merchandise. The petition of the plaintiffs alleges that they have a special ownership in, and are entitled to the immediate possession of, said goods and merchandise, which are being unlawfully detained by said defendant.

The petition further alleges, that on the eleventh day of July, 1891, said goods and merchandise were owned by, and were in the possession of, Leeper

Brothers ; that upon said day they were owing these plaintiffs the sum of $1657, and gave them their note therefor, drawing interest at ten per cent. from date, and gave them a chattel mortgage upon their stock of goods and merchandise, which mortgage was duly recorded ; that, also upon said day, the plaintiffs took possession of the property described in said mortgage ; that thereafter, on said day, the defendant wrongfully and unlawfully took a portion of said goods and merchandise from the possession of the plaintiffs ; that on the twentieth day of July, 1891, the plaintiffs demanded of said defendant the possession of said goods and merchandise so taken from them as aforesaid, and the said defendant refused to deliver said goods and merchandise or any part thereof to the plaintiffs, and has held the same unlawfully ever since.

The defendant in his answer alleges that he is the Sheriff of Bourbon County, Kansas, and that he held said goods and merchandise by virtue of an order of attachment issued out of the District Court of Bourbon County, Kansas, in an action therein pending in which Swofford Brothers were plaintiffs and Leeper Brothers were defendants. He also denies all the allegations of the petition except such as are especially admitted, and further alleges :

" Said Leeper Brothers and the plaintiffs, with others, entered into an unlawful and fraudulent conspiracy to cheat, wrong and defraud the creditors of said Leeper Brothers ; that in furtherance of said conspiracy there were executed, on June 11, 1891, by said Leeper Brothers, several conveyances covering the entire property of said firm ; among them was the chattel mortgage under which plaintiffs claim, and a general assignment for the benefit of said Leeper Brothers' creditors." . . .

540 DRAKE v. REESE.

| S. Dept. | Opinion. Dennison, P. J. | 6 Kan. App. |

The defendant also alleges that he took said goods and merchandise from the Leeper Brothers before said instruments had been completed and filed for record, and before plaintiffs had possession of said property or had any right to the possession thereof, and further says:

"Each of said conveyances was executed for the purpose and with the intention of cheating, wronging, delaying and defrauding the creditors of said Leeper Brothers, among whom were the plaintiffs in the attachment suits hereinbefore mentioned; that they were each and all fraudulent and void; that they were given without any sufficient consideration; that they all constituted but a single transaction; and that all these facts were well known to the plaintiffs when said plaintiffs' chattel mortgage was given and accepted."

The plaintiffs replied with a general denial. The issues raised by these pleadings were: *First*, was the chattel mortgage given by Leeper Brothers to these plaintiffs valid and based upon a sufficient consideration? *Second*, did the sheriff levy the attachment issued in the case of Swofford Brothers v. Leeper Brothers upon said goods and merchandise, prior to the filing of the mortgage of said plaintiffs and prior to the time they took possession of said goods?

The defendant in error contends that the chattel mortgage is void: *First*, for the reason that the plaintiffs held a note of one thousand dollars against Leeper Brothers, which was secured by a mortgage upon the homestead of one member of the firm, and that they delivered to Leeper Brothers the note and canceled the real-estate mortgage which had been given to secure the same, and that the thousand-dollar note was a part of the consideration of said chattel mortgage; *second*, that the chattel mortgage given by Leeper Brothers to these plaintiffs, and the other

conveyances upon the same property, and the general assignment for the benefit of said Leeper Brothers' creditors, were all parts of one and the same transaction, and that each was executed for the purpose and with the intent of cheating and defrauding the creditors of said Leeper Brothers, and that all these facts were known to the plaintiffs when the chattel mortgage was given by said Leeper Brothers and accepted by said plaintiffs.

Before proceeding to examine the record relative to the validity of the chattel mortgage, we will dispose of the question as to whether the defendant took possession of the property under his order of attachment before the chattel mortgage was filed for record. The answer specially admits the execution of the note and mortgage from Leeper Brothers to the plaintiffs and that the mortgage was filed at the time alleged. The time alleged was the eleventh day of July, 1891, at 2:30 o'clock P. M.   The answer alleges that by virtue of said order of attachment and in obedience to the commands thereof, the defendant levied upon and took possession of the property mentioned, on July 11, 1891, at 3:15 P. M.

This question is therefore settled by the pleadings in the case, and if the chattel mortgage of the plaintiffs is valid they are entitled to the possession of the goods.

There is but one question in issue in this case, and that is the validity of the plaintiffs' chattel mortgage. If their mortgage was valid, they are entitled to a verdict and judgment; if it was not valid, the defendant was entitled to a verdict and judgment. If the chattel mortgage was invalid, it is because it was without sufficient consideration, or because of the fraud in its execution which was participated in by the plaintiffs in error.

The plaintiffs in error contend that the court erred in its admission of incompetent testimony by the defendant, in its refusal to strike out evidence improperly admitted, and in its refusal to admit competent evidence by the plaintiffs. We have carefully examined the evidence and the objections of the plaintiffs in error thereto, and while we are satisfied that the court improperly admitted hearsay testimony, we do not think that the plaintiffs in error were prejudiced thereby, for the reason that there was an abundance of competent testimony introduced which satisfactorily established the facts attempted to be established by hearsay testimony, and such facts are nowhere denied by said plaintiffs in error.

The plaintiffs in error further contend that the court erred in the instructions given to the jury. The ninth instruction reads as follows :

"9. Under the Kansas Homestead Law, it was no fraud on the creditors represented by the defendant, for the plaintiffs in good faith to release the mortgage on the homestead and take in lieu thereof the chattel mortgage on the goods, except in so far as it covered goods purchased by Leeper Brothers from said creditors and at the time unpaid for, but if it did cover any such goods, to that extent it was void."

The plaintiffs in error contend that this instruction covers the law that is laid down by our Supreme Court in *Long Bros. v. Murphy* ( 27 Kan. 375) ; that the goods purchased by Leeper Brothers from Swofford Brothers *did go to pay for the homestead*, and that the result would be the same whether it was by an original purchase of the homestead or by satisfying a mortgage thereon.

There is a wide distinction between this contention and the findings of the Supreme Court in *Long Bros. v. Murphy*, supra. In that case the court held the

transfer to be valid, but permitted the creditor to attack the homestead.  In this case it is held by this instruction that the transfer is invalid and permits the creditors to attack the goods.  In the former case the fraud was committed by the debtor, and the creditor was permitted to apply the property found in the fraudulent debtor's hands, to the payment of his debt.  The instruction in this case, without attaching fraud to the transferee of the goods, permits the creditor to leave the homestead in the hands of the fraudulent debtor, and attack the goods in the hands of the innocent purchaser.

The plaintiffs in error also contend that the court erred in giving instructions five, six, and seven, which read as follows :

"5.  If, therefore, you find that in executing the chattel mortgages and deed of assignment, Leeper Brothers determined upon, prepared or had prepared, and executed them all practically together, so as to constitute one simultaneous and continuous transaction, and intended in fact by one transaction to dispose of their property by way of assignment and to prefer the plaintiffs over other creditors, then their mortgage would be void so far as Leeper Brothers are concerned.  And if, in addition to this, the plaintiffs or any of them, or their agent or attorney, who was acting as such at the time their mortgage was delivered, had at that time notice or knowledge that Leeper Brothers were about to make an assignment, or were already preparing one, this would render the mortgage void as to the plaintiffs also, and they could not recover in this action.

"6.  Or if, at this time, Leeper Brothers were acting in respect to the execution of such instrument, in bad faith, intending to cheat and defraud their other creditors, and the plaintiffs had such knowledge as above indicated of such fraudulent intention on Leeper Brothers' part, or were in conspiracy with them to

cheat and defraud their other creditors, then, in either of these cases, the mortgage would be void as to them.

" 7. But if Leeper Brothers had such fraudulent purpose unknown to plaintiffs, or if they were trying by one transaction to make an assignment and at the same time as a part thereof to prefer certain creditors, and still the plaintiffs had no such notice or knowledge as above indicated when they received their mortgage, but acted in good faith simply to secure themselves for a just claim, the mortgage would be valid as to them."

These instructions do not correctly state the law. In Kansas, if a debtor executes a chattel mortgage upon his property for the benefit of certain creditors, and at the same time and as part of the same transaction executes a deed of assignment for the benefit of all his creditors, the deed of assignment is valid, and the mortgagees may claim under the deed of assignment but cannot claim under their mortgage, and this is true whether or not the mortgagees had knowledge of the conduct of the debtor, and although they were present as vigilant creditors trying to enforce their claim. *Goodman v. Kendall*, 56 Kan. 439. But if the mortgage was executed prior to the assignment and did not constitute a part of the same transaction, and was executed in good faith by the debtor to one of his creditors to secure a preexisting debt, which mortgage had previously been promised by the debtor to such creditor, and upon his demand therefor, such mortgage would be valid. See *Dodd, Brown & Co. v. Hills & Kramer*, 21 Kan. 707, and the notes cited in the second edition, annotated.

We are unable to say that the rights of the plaintiffs in error were prejudiced by the giving of instructions five, six and seven, under the issues in this case, although such instructions were erroneous; but the

material rights of the plaintiffs in error were certainly prejudiced by the giving of instruction nine, and because of such error the judgment of the District Court is reversed and the cause remanded for a new trial.