## HENRY E. CHICHESTER, ADMINISTRATOR, *vs.* THE NEW HAMPSHIRE FIRE INSURANCE COMPANY.

Third Judicial District, Bridgeport, April Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

This court has no jurisdiction of an appeal in cases of nonsuit, until the plaintiff has filed and the trial court denied the written motion to set aside the judgment, required by General Statutes, § 1110, the provisions of which are not repealed by implication by Chap. 194 (p. 888) of the Public Acts of 1897.

Argued April 17th—decided April 18th, 1900.

ACTION on a policy of insurance, tried to the jury (*Curtis, J.*) in the Court of Common Pleas for Fairfield County. After the plaintiff had introduced all his evidence and rested his case, the defendant moved for judgment as in case of nonsuit, which motion was granted, on the ground that the policy required immediate notice of the loss to be given to the insurer, and that as the evidence disclosed a delay of twenty-four days in giving it, it was not immediate.  No motion was filed to set this judgment aside, but the plaintiff appealed from the judgment and on his motion, against the protest of the defendant, the appeal was allowed, and the court stated the whole of the evidence so produced by the plaintiff and ordered that it become a part of the record.

At the opening of the term of the Supreme Court of Errors to which the appeal was taken, the defendant filed a motion to erase the cause from the docket. *Motion granted.*

*J. Belden Hurlbutt*, in support of the motion to erase and of the plea in abatement.

*Joseph A. Gray*, in opposition to the motion and plea.

PER CURIAM.  General Statutes, § 1129, provided that upon the trial of all matters of fact in any action, in certain courts of which the Court of Common Pleas was one, if either party should think himself aggrieved by the decision of the court upon any question of law arising in the trial, he might

appeal from the judgment in the cause and remove such question for revision to this court.   General Statutes, § 1110, provides that should the plaintiff, in any action in either of those courts, after he has rested his case, be nonsuited by order of the court, because it was of opinion that he had failed to make out a *prima facie* case, he may file a written motion within a certain time to set aside such judgment, and should such motion be denied, "revise the decision of the court, by appeal as in other cases." This section was evidently intended to give a new right, and to give it on certain conditions.

By the Public Acts of 1897, p. 888, Chapter 194, the main provisions regulating the jurisdiction of this court were brought together. One of them, which had been contained in General Statutes, § 1129, was re-enacted in terms, and that particular section repealed. There was no express repeal of § 1110, and no general clause repealing all laws inconsistent with the new Act. The appellant contends that it was repealed by necessary implication, or at all events rendered unimportant by the general language of the Act of 1897, § 2.

Had § 1110 never existed, an appeal would have lain under General Statutes, § 1129, from a compulsory judgment of nonsuit, rendered, as that now in question was, as the necessary result of the decision of a question of law, and would now lie under the Act of 1897. But the re-enactment of the general appeal statute cannot be deemed to detract from the force of § 1110. Both statutes may stand well together. The same reasons which originally led to the enactment of § 1110 obtain still. Such a nonsuit may be asked and granted when there is no opportunity for a full consideration of the questions involved. It was therefore thought proper, by the legislature, to require the matter to be brought again to the attention of the trial court, at a later period, for review, before a remedy could be sought here.

Section 1110 impliedly denies an appeal, unless a motion to set aside the judgment has been denied. No such motion having been filed, we have no jurisdiction to entertain the appeal and the motion to erase the cause from the docket is granted.