(Court of Appeal, Parish of Orleans,)

## SUCCESSION OF ROSETTA BROWN.

I. A divested owner is without interest to question the disposition made by the State of the property forfeited to it for non-payment of taxes, or to urge the nullity of defendant's title from the State, which must stand until set aside by a party entitled to have the sale set aside.

Appeal from Civil District Court, Division A.

M. J. Cunningham, for appellant.

B. Ory, H. G. Dupre, F. B. Thomas and F. C. Zacharie, for appellees.

MOORE, J. A certain piece of property inventoried as belonging to the succession of Rosetta Brown, was, under of Court, offered for sale to pay debts, and was adjudicated to Joseph C. Whitmore for the sum of $250.00, and upon his refusal to take title the public administrator who had been appointed and qualified as administrator of said succession sued out a rule against the adjudicatee to compel him to comply with his bid. Answering the rule Whitmore assigns as reasons for his refusal to comply with his bid the following:

1st—The title thereto is not legal and valid and such as he is lawfully obliged to accept.

2nd—That the title is suggestive of litigation and is invalid.

"A"—Because the legal pre-requisites of the Act No. 153 of 1900, under which the proceedings herein were had were not complied with inasmuch as the notice of application and advertisement of the description, valuation and sale of said property was not in accordance with the provisions of said act 153 of 1900.

"B"—Because the description and valuation of said property was not homologated as the law requires;

And assuming the character of plaintiff in reconvention he prays judgment against the succession representative for the return to him of the sum of $25,00 deposited with the auctioneer on the day of sale to bind the same.

There was judgment making the rule absolute but from which judgment no appeal was taken.

Some two months subsequently, however, no action apparently

142

having been taken in the matter of the judgment supra, the succession representative, joined by Whitmore, sued out a rule against one L. Lavedan wherein, after reciting the succession adjudication of the property to Whitmore, the rule to compel compliance and the judgment thereon, they aver that a few days subsequent to the signing of the judgment supra Lavedan caused to be registered in the Conveyance office in the parish of Orleans where the property in question is situated what purports to be an act of sale of the property made Sept. 19, 1893, ten years prior to the date when the property was offered for sale by the succession of Rosetta Brown, by W W Heard, Auditor, to said L. Lavedan, and they aver "that said act is without effect as against them because no timely record was made of it; that during the time said Lavedan kept his act unrecorded the succession has been opened. the property sold, surveyed, platted and looked after all at the expense of Movers; that said Lavedan has never paid the City taxes, which is one of the conditions and consideration of every sale under Act 80 of 1888 and therefore said sale would not have been complete even if recorded in time; that the act of the Auditor in making said purported sale was based upon an adjudication of said property to the State on December 13, 1884, by J. D. Houston, tax collector, for taxes of 1881, 1882, and 1883 assessed in the name of Rosetta Brown; that said adjudication is null and void because the owner Rosetta Brown died in 1880, etc, etc.. and they pray that Lavedan show cause why the said inscription should not be erased and declared null and void.

To this rule Lavedan answered that it disclosed no cause of action; denying that Rosetta Brown or her succession is now the owner of or has any interest in the property and avers that he acquired the property from the State of Louisiana under Section 3 of Act 80 of 1888 as per the deed referred to in the rule and recorded as aforesaid; that the State of Louisiana had acquired the property 1st, by forfeiture to the State for taxes for the years 1874-75-76 and '77 assessed in the name of Rosetta Brown and 2nd., by means and under the adjudications of said property to the State December 13, 1884, for State taxes for the years 1881, 1882 and 1883 as per deed dated February 4, 1885 and duly recorded.

Subsequently Lavedan interposed the plea of prescription of 3, 5 and 10 years.

There was judgment dismissing the rule and declaring Lavedan the "true and lawful owner of the property."

From this judgment the succession representative and Whitmore appeal.

It is shown that the succession of Rosetta Brown was opened in 1902 and that the property in contestation was inventoried as belonging thereto, but it also appears it was forfeited to the State for State taxes for the years 1874-75-76 and '77, assessed in the name of Rosetta Brown and that it was subsequently adjudicated to the State on the 13th of December, 1884. for State taxes for the

143

years 1881-82 and '83 as per deed dated February 4, 1885 and duly recorded; that it was once advertised and offered for sale by I, W. Patton, Tax Collector, in accordance with the provisions of Act No. 80 of 1888 approved July 12, 1888 and failed to sell; that subsequently the auditor received bids for the property, and on the 12th day of September, 1893, the State sold the same to Lavedan by Notarial Act which latter act was not recorded, however, until the 20th day of March, 1903, the property having been adjudicated at the succession sale to Whitmore the December previous.

It is not seriously contended that the forfeiture to the State of the property unsold herein was illegal.

Pretermitting the objection that the proper parties for the decision of such an issue are not before the Court and that the Constitutional period of repose has intervened to stay such inquiry and which is specially pleaded, the record is barren of any proof to sustain such. The objection is levelled to the manner in which the State disposed of its property to Lavedan and to the latter's failure to record his deed earlier than when it was recorded.

Having been legally divested of the property by the forfeiture, it is not apparent how or in what manner Rosetta Brown, or now that she is dead, her succession representatives are interested in its future disposition by the State. A slander question arose in Mier vs Howcott, No. 3181 of the docket of this Court, where basing our decision on the authority of Breaux vs Negrotto 43 A. 426, Surget vs Newman 43 A. 873 and Reinach vs Duplantier 46 A. 151, we said:

"The forfeiture to the State was valid, and the Plaintiff having been divested is without interest to question the disposition made by the State of property or urge the nullity of defendant's title."

"The defendant has produced a title from the State which must stand until set aside by the party entitled to have the same set aside."

We find, therefore, no error in the judgment appealed from and it is affirmed.

March 7, 1904.

Rehearing refused March 21 1904.