EQUIPMENT DISTRIBUTORS, INC. *v.* CHARTER OAK BANK AND TRUST COMPANY ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 332

Argued December 15, 1976—decided February 11, 1977

*Robert U. Sattin,* for the appellant (plaintiff).

*Arnold E. Buchman,* for the appellee (named defendant).

PARSKEY, J. This action for conversion of a check was brought against the Charter Oak Bank and Trust Company, hereinafter Charter Oak, the depositary bank, and New Britain Bank and Trust Company, hereinafter New Britain, the drawee bank. The plaintiff claims to be a joint payee of the check and asserts that Charter Oak collected the proceeds of the check and New Britain paid the check on a forged endorsement. The trial court, upon motion by the defendants, rendered a judgment of nonsuit for failure of the plaintiff to prove a prima facie case.

We first consider Charter Oak's claim that, in the absence of a finding, there is no basis upon which this court can review the action of the trial court. Under the rules for the appellate session a finding is necessary only when the appellant desires to have reviewed the court's conclusions on the facts of the case. Practice Book § 567A. A nonsuit for failure to prove a prima facie case is tested by the evidence. The court finds no facts. An evidentiary

nonsuit may enter only "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." *Minicozzi* v. *Atlantic Refining Co.*, 143 Conn. 226, 230; *Fritz* v. *Gaudet*, 101 Conn. 52, 53; *Girard* v. *Grosvenordale Co.*, 83 Conn. 20, 25. Had the statute not provided for a motion to set aside such a nonsuit, the granting of a nonsuit for insufficient evidence would have been appealable as a final judgment. *Chichester* v. *New Hampshire Fire Ins. Co.*, 72 Conn. 707, 708. That the legislature, at an earlier time and continuing to this date, has provided an alternative procedure designed to give the trial court an opportunity to review its previous ruling; ibid.; has no bearing on the procedural rules applicable to an appeal from a judgment of nonsuit. General Statutes § 52-211 (b).[1]

The material allegations of both counts of the complaint are these: On or about December 17, 1971, Newington Associates, hereinafter Newington, issued a check in the face amount of $8000 drawn on New Britain and payable to both Air Conditioning Associates, hereinafter ACA, and the plaintiff. ACA endorsed the check in both names and deposited it in Charter Oak. At no time did the plaintiff authorize ACA or any of its agents to endorse the plaintiff's name on the check. The endorsement of the plaintiff's name on the check was a forgery. The plaintiff, as a joint payee, was entitled to its share of the proceeds of the check. Charter Oak converted the check by collecting the proceeds on a forged

---

[1] Section 52-211 (b) provides, in pertinent part, that an appeal may be taken from a judgment of nonsuit "pursuant to section 52-6a or 52-263, as the case may be, directly from the judgment of nonsuit. If such judgment is set aside, either on motion or appeal, the cause shall be proceeded with as though no nonsuit had been granted." This statutory section changed the earlier practice which required that an appeal be taken from the denial of a motion to open the nonsuit rather than from the judgment of nonsuit.

endorsement and by wrongfully paying those proceeds to ACA. New Britain converted the check by wrongfully paying it on a forged endorsement.

Upon the evidence taken in the light most favorable to the plaintiff the trier might reasonably have found the following facts: In December, 1971, Newington was the owner and developer of a construction project known as Richard Arms Apartments. ACA was the heating and air-conditioning subcontractor for the project. The plaintiff supplied materials to ACA for this project and others under an open running account. Before the present transaction, Newington had done business with both ACA and the plaintiff and had bought equipment from the plaintiff. Newington did not know of the existence of an entity called "Air Conditioning Associates Equipment Distributors." Newington drew a check on New Britain bank for $8000.[2] On the face of the check was the notation "Re: Richard Arms Apartments, Newington, Conn." The check was delivered into the possession of ACA which caused the check to be endorsed.[3] Neither ACA nor its agents was authorized by the plaintiff to endorse its signature on the check. Charter Oak accepted the check for deposit as it was endorsed and forwarded it to New Britain for collection. New Britain paid the check and transmitted the proceeds to Charter Oak, which credited ACA's account for the full amount of the check.

From those facts the trier might reasonably have concluded that the plaintiff was a joint payee on the

---

[2] The check, dated December 17, 1971, was payable to the order of
"                                    Equipment
Air Conditioning Assoc.
                   Distributors."
[3] The endorsement read:
"For Dep. Only
 Air Cond. Assoc.
 Eq. Distrib."

subject check. The absence of the word "and" would not have been controlling. *Feldman Construction Co.* v. *Union Bank,* 28 Cal. App. 3d 731. Since the check was made payable to two persons and was not payable in the alternative, it could be negotiated only by both of them. General Statutes § 42a-3-116 (b). ACA's unauthorized endorsement of the plaintiff's signature was inoperative as the plaintiff's signature. General Statutes § 42a-3-404. Charter Oak's collection of the proceeds of the check based on an unauthorized endorsement constituted a conversion; *Coleman* v. *Francis,* 102 Conn. 612, 615; and subjected it to liability to the plaintiff as payee. *Gresham State Bank* v. *O and K Construction Co.,* 231 Ore. 106; see *Hartford Accident & Indemnity Co.* v. *South Windsor Bank & Trust Co.,* 171 Conn. 63; annot., 100 A.L.R.2d 670, 677–80. Charter Oak's reliance on *Healey* v. *Flammia,* 96 Conn. 233, is inapposite. In *Healey,* there was no allegation of facts from which one could draw an inference of the plaintiff's right to immediate possession. In this case, however, Newington's knowledge of ACA as a heating and air-conditioning subcontractor and of the plaintiff as a supplier of materials to ACA, its knowledge of the relationship of ACA and the plaintiff to the Richard Arms project, and its unawareness of an entity called "Air Conditioning Associates Equipment Distributors" would have permitted the trier to infer that Newington intended the plaintiff to be a joint payee on the check. *Perley* v. *Glastonbury Bank & Trust Co.,* 170 Conn. 691, 696–97.

Even if the trier were to apply the definitions of the forgery statute to the Uniform Commercial Code the result would be the same. The word "forgery" may be applied both to a document and a crime. The forgery statute, §§ 53a-137 to 53a-140 of the General Statutes, distinguishes between the

acts necessary to produce a forged instrument and the essential elements of the crime of forgery. The crime of forgery requires both a forged instrument and an intent to defraud. A forged instrument is defined under § 53a-137 (7) as, inter alia, a written instrument that is "falsely made." An endorsement may be treated, under § 53a-137 (2), as a complete written instrument in itself. An endorsement is "falsely made" when it is unauthorized.[4] Thus, an unauthorized endorsement and a forged endorsement are one and the same, whether one construes the phrase under the more liberal framework of the Uniform Commercial Code or under the strict interpretation of the forgery statute. The trier could have found that ACA's endorsement of the plaintiff's name on the check was a forgery.

With respect to New Britain, payment of a check on a forged endorsement constitutes a specific act of conversion under § 42a-3-419. Payment of a check on an unauthorized endorsement may also constitute a conversion. *Hartford Accident & Indemnity Co.* v. *South Windsor Bank & Trust Co.*, supra. There was sufficient evidence for the trier to conclude that New Britain was also liable to the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to deny the motions for nonsuit and then to proceed according to law.

In this opinion D. SHEA and SPONZO, Js., concurred.

---

[4] Section 53a-137 (4) states: "A person 'falsely makes' a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof."