**FORT DODGE CREAMERY CO.;**
**Loomis Farms, Inc.; and**
**McManus, Ltd., Plaintiffs–Appellants,**

v.

**COMMERCIAL STATE BANK,**
**Defendant–Appellee.**

**No. 86–1003.**

Court of Appeals of Iowa.

Oct. 28, 1987.

Francine O'Brien Andersen of Andersen Law Offices, Audubon, for plaintiffs-appellants.

Dennis D. Jerde, William D. Thomas, and Leo L. Finkelstein of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for defendant-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

PER CURIAM.

Appellants, Fort Dodge Creamery Company, Loomis Farms Incorporated, and McManus Limited, initiated the present action on March 28, 1984. Each sought damages from appellee, Commercial State Bank, under a theory of conversion. That theory alleges that appellee wrongfully allowed appellants' employee, Byron DeWall, to endorse checks payable to appellants and deposit the proceeds therefrom in his non-trust farm management account. Each appellant had contracted with DeWall for his services as a farm manager. Following trial to the bench, the district court dismissed the petition. This appeal followed. Our review is limited to the correction of legal errors. Iowa R.App.P. 4.

Appellants maintain the district court erroneously applied the law of agency in concluding that DeWall possessed the authority to endorse the checks. In addition, appellants contend appellee failed to act in accordance with commercially reasonable banking standards and should be held liable on that basis. We disagree with appellants' first contention; find no reason to address appellants' second contention; and affirm.

Under Iowa Code section 554.-3419(1)(c) (1985), "[a]n instrument is converted when ... it is paid on a forged instrument." For purposes of a conversion action, a forged endorsement and an unauthorized endorsement are synonymous. *Equipment Distributors, Inc. v. Charter Oak Bank and Trust Co.*, 34 Conn.Supp. 606, 611, 379 A.2d 682, 684 (1977); *Aetna Casualty and Surety Co. v. Hepler State Bank*, 6 Kan.App. 543, 547, 630 P.2d 721, 725–26 (1981) (and authorities cited therein). Iowa Code section 554.3403(1) (1985) provides that an agent's authority to sign for another "may be established as in other cases of representation." Accordingly, an agent's authority may be express, implied, or apparent. *Id.*, comment 1; *Federal Land Bank of Omaha v. Union Bank & Trust Co. of Ottumwa*, 228 Iowa 205, 209–10, 290 N.W. 512, 514–15 (1940). The district court concluded that DeWall possessed implied and apparent authority endorse the checks.

" 'Implied authority is said to be actual authority circumstantially proved— the authority which the principle intended the agent to possess.' " *Grismore v. Consolidated Products*, 232 Iowa 328, 335, 5 N.W.2d 646, 651 (1942). Implied authority includes all incidental authority as is necessary, usual, and proper to effectuate the main authority expressly conferred. *Newberry v. Barth, Inc.*, 252 N.W.2d 711, 714 (Iowa 1977). The extent of such authority

> is usually to be ascertained by fair implication, from the relations of the parties, the nature of the business of the agency, the service to be rendered, the purpose or transaction to be consummated, and the surrounding circumstances.

*Grismore*, 232 Iowa at 337, 5 N.W.2d at 652. Acquiescence by the principal in a series of acts by the agent indicates authorization to perform similar acts in the future. *Id.* 290 N.W. at 517; *Standard Oil Co. v. Lyons*, 130 F.2d 965, 968 (8th Cir. 1942). In addition, this authority will not be narrowed by limitations not communicated to persons with whom the agent deals. *Grismore*, 232 Iowa at 337, 5 N.W. 2d at 652.

We think the record amply supports the district court's conclusion that DeWall possessed implied authority to endorse the checks at issue here. The written agreement between DeWall and each appellant expressly provided that DeWall was to

> assume *complete and undivided charge of the property*, accepting full responsi-

bility for its care and operation; you will supervise the farming operations of the tenant; you will replace the tenant if you deem it necessary or expedient; you will collect all *rentals*, and make periodical remittances of all *net sums due* to me; you will make appraisal of the property and furnish periodic crop and land valuation reports.

For this service I agree that you may *retain* 7½ percent of all *rentals* collected by you, less the cost of fertilizer, real estate taxes, herbicides and insecticides, and the cost of custom farming. (emphasis added)

Trial testimony established that by "rentals" the parties meant "proceeds of grain sales." According to the agreement, then, DeWall was to collect these proceeds and remit to the appellants only the "net sums due" them. DeWall was to "retain" a percentage of these proceeds as his remuneration. In order to comply with either of these contractual provisions it was necessary, although impliedly so, that DeWall cash the proceeds checks. Appellants contend that an oral agreement to the contrary of these provisions was reached with De-Wall. We believe, however, the record demonstrates the contractual procedure was employed by the parties during a substantial portion of the relevant years. Robert Loomis, an officer of all three plaintiffs, had knowledge of this practice at least as late as August 1983 when he personally endorsed a check written on DeWall's farm management account to plaintiff, Mc-Manus, Ltd. Such knowledge is imputed to the corporations. *See Rohlin Const. Co. v. Lakes, Inc.,* 252 N.W.2d 403, 405 (Iowa 1977). At no time was appellee aware of this asserted restriction on DeWall's authority, nor did appellants attempt to repudiate the transactions similar to the ones they now claim were *ultra vires* DeWall's authority. Silence when one would be expected to speak may be held a failure to repudiate. *Abodeely v. Cavras,* 221 N.W. 2d 494, 503 (Iowa 1974). Failure to repudiate an unauthorized action within a reasonable time after learning of the transaction will be deemed a ratification. *Id.* Where an agent has performed acts similar to the one in question, which have been ratified by the principal, the agent's authority to act in such a manner may be implied. *Federal Land Bank,* 290 N.W. at 515.

The extent of DeWall's authority is an issue committed to the fact finder. *Grismore,* 232 Iowa 334; 5 N.W.2d at 651. We think substantial evidence supports the district court's finding of implied authority. *See generally Federal Land Bank,* 290 N.W. at 517–18. Accordingly we reject appellants' claims to the contrary. *See* Iowa R.App.P. 14(f)(7). Because the evidence supports a finding of authority, the district court correctly dismissed appellants' conversion action. *See* Iowa Code §§ 554.3419(1)(c), 554.3403(1) (1985).

AFFIRMED.

SNELL, J., takes no part.