[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
The plaintiffs Hilltop Farm, Inc. (HTF) and Dr. Joel Kalafa, seek to recover from the defendant, People's Savings Bank of New Britain (the Bank) for the loss of a $290,000 check, on which it was its co-payee, which the Bank paid over a forged or unauthorized endorsement. They also seek to recover $121,025 which they claim was funneled to an unauthorized HTF Bank account at the Bank and misappropriated from HTF by Marsha Lagos and/or Thomas Lagos.
At all times relevant to this action, HTF was a Connecticut corporation of which Dr. Kalafa was treasurer, secretary and director. The president of HTF was Thomas Lagos, who was the other director of that corporation. As HTF's treasurer, Dr. Kalafa was the person authorized under the corporate bylaws to maintain custody of all funds belonging to HTF and to make and endorse all checks on behalf of the corporation. As the corporate secretary, Dr. Kalafa had possession and control of HTF's corporate seal.
On July 20, 1989 Marsha Lagos, the wife of HTF's president, Thomas Lagos, opened a corporate bank account at the Bank purporting to be in the name of HTF. At the time the account was opened, in accordance with its usual practice, the Bank required a signature card from HTF. That card was signed by Marsha Lagos as secretary and treasurer of HTF and by Thomas Lagos as president of HTF. When the account was opened, the Bank also required HTF to sign a corporate resolution which indicated that Marsha Lagos had authority to open the account in the name of HTF. The corporate resolution did not contain a corporate seal and it was not the Bank's CT Page 2020 practice to require that such a resolution have a corporation's seal affixed thereon. Prior to opening the account the Bank did not check with the Secretary of State of Connecticut to determine whether the Marsha Lagos and Thomas Lagos were in fact officers of HTF. All checks deposited in the HTF account at the Bank were deposited by Marsha Lagos. Dr. Kalafa never authorized the opening of the HTF account at the Bank.
Thomas Lagos was in charge of the day-to-day activities of HTF. Although Dr. Kalafa was the treasurer, he was aware that it was the practice of Thomas Lagos to pay for expenses of HTF by means of Mr. Lagos's personal checks and Dr. Kalafa never objected to this practice. Dr. Kalafa was also aware that Thomas Lagos was negotiating with United States Fidelity and Guaranty Insurance Company (USFG) over a claim of HTF for property loss. Some or all of the checks received from USFG were deposited in the HTF account at the Bank. Dr. Kalafa never made any effort to ascertain whether the USFG checks were deposited to an HTF account of which Dr. Kalafa had approved. He never requested that Thomas Lagos forward those checks to him, as treasurer of the corporation, notwithstanding that the corporate bylaws gave Dr. Kalafa the power and authority to handle corporate funds and pay bills. He was aware that it was Thomas Lagos who routinely received checks, deposited checks and paid corporate bills. Dr. Kalafa did not review the accounts of HTF on any regular basis and generally acquiesced in Thomas Lagos' handling of the financial affairs of HTF.
After opening the account at the Bank in the name of HTF, Marsha Lagos and Thomas Lagos also opened an account with the Bank in the name of T T Farms. T T Farms was a trade name of Thomas and Marsha Lagos.
The plaintiffs claim that on September 25, 1989 the USFG tendered payment in the amount of $290,000 by means of a check made payable to HTF and T T Farms drawn on a bank account with the First National Bank of Maryland as part of a settlement of an insurance claim filed by HTF for property losses and damages which it had suffered. Plaintiffs further claim that the Bank collected monies payable to the order of HTF on the check by means of an unauthorized endorsement of HTF. The check was endorsed by Marsha Lagos. The plaintiffs further claim that between July 28, 1989 and January 21, 1990, CT Page 2021 Marsha Lagos and/or Thomas Lagos drew checks on the HTF account with the Bank which were honored by the Bank and which were payable to Thomas Lagos and/or Marsha Lagos totalling at least $125,025. The plaintiffs claim the right to recover $290,000 paid by the Bank on the USFG check on the grounds that the check was paid on a forged or unauthorized endorsement. Section 42a-3-419 of the Connecticut General Statutes provides that a negotiable instrument "is converted when . . . . (c) it is paid on a forged endorsement. . .". Collection of the proceeds of the check based on an unauthorized endorsement constitutes conversion. Equipment Distributors, Inc. v. Charter Oak Bank Trust Co. 34 Conn. Sup. 606,610 (1977). An unauthorized signature, one made without actual, implied or apparent authority and including a forgery, is inoperative as that of the person whose name is signed. Hartford Accident Indemnity Co. v. South Windsor Bank Trust Co., 171 Conn. 63, 68, 368 A.2d 76 (1976); Connecticut General Statutes 42a-3-404. The plaintiffs argue that Marsha Lagos did not have actual authority to endorse the USFG check on behalf of HTF. The plaintiffs also argue that standard banking practice in the New Britain area required the Bank to obtain a resolution from HTF'S board of directors with a corporate seal affixed thereto before opening a bank account for HTF and before authorizing Marsha Lagos to draw checks on behalf of HTF. The plaintiffs have failed to produce any evidence as to the standard Banking practice in New Britain. They have also failed to offer any authority to support their claim that a bank must look behind the representation of the corporate officer opening a bank account to verify the authority of the officer to open the bank account.
The court finds that Marsha Lagos did have apparent authority to act on behalf of HTF in opening the Bank account by virtue of the fact that the corporation gave her access to its funds with which to open the account and that the Bank acted in good faith in relying on Marsha Lagos's authority to act on behalf of the HTF. Apparent authority must be derived from the acts of the principal which must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question or knowingly permitted him to act as having such authority and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances that the agent had the necessary authority. Nowak v. Capitol Motors, Inc., 158 Conn. 65, 69, 225 A.2d 845
CT Page 2022 (1969); Lettieri v. American Savings Bank, 182 Conn. 1, 9,437 A.2d 822 (1980). By leaving a corporate officer with virtually unfettered managerial control of a corporation a principal can be deemed to hold the officer out as possessing apparent authority to act on behalf of the corporation. Lettieri v. American Savings Bank, supra.
In Lettieri corporate shareholders sought to set aside a mortgage which was executed by the president of the corporation on behalf of the corporation on the ground that the president had no authority to enter into the mortgage. The court found that the corporation had left the president in virtually unfettered managerial control of all aspects of the corporation's business. The bank was found to have relied in good faith on the president's authority to enter into the mortgage, notwithstanding that it knew that the corporation had been legislated out of existence, and had failed to follow the customary practice of obtaining a resolution of corporate authority signed by the corporation's secretary.
For the reasons set forth above, the signature of Marsha Lagos on various checks paid by the Bank was not an unauthorized signature. Marsha Lagos acted at all times as agent of her husband, Thomas Lagos, the president of the corporation. The corporation had clearly held Thomas Lagos out as possessing sufficient authority to receive and deposit checks of the corporation and make payments on behalf of the corporation. Marsha Lagos had apparent authority of the corporation to open the Bank account. The Bank relied in good faith on her authority in honoring checks on which she was the maker or endorser. Based on the foregoing the plaintiffs have failed to establish probable cause that they will prevail on their complaint and the application for prejudgment remedy is denied.
Aurigemma, J.