KABE'S RESTAURANT, LTD., Appellant,

v.

Richard D. KINTNER, Appellee.

Richard D. KINTNER, Appellant,

v.

John F. HALL, Appellee.

No. 93–1514.

Supreme Court of Iowa.

Sept. 20, 1995.

Rehearing Denied Oct. 25, 1995.

Michael J. Burdette of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant Kabe's Restaurant, Ltd.

Scott Wood, Ankeny, and Randall H. Stefani and Michael J. Eason of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee Richard D. Kintner.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

Kabe's Restaurant, Ltd. (Kabe's) sued its former employee, Richard D. Kintner, for breach of fiduciary duty, conversion, and fraud. Kintner counterclaimed for breach of a permanent employment contract. In a separate suit, Kintner sued one of Kabe's' directors, John F. Hall, for tortious interference with Kintner's employment contract. A jury returned all verdicts in favor of Kintner.

Following submission of posttrial motions, the district court ruled in favor of Kintner on Kabe's' motion for new trial and judgment notwithstanding the verdict (on the breach-of-fiduciary-duty, conversion, and fraud claims). It granted Hall's motion for judgment notwithstanding the verdict on Kintner's claim for tortious interference with a contract. Kabe's appealed, and Kintner

cross-appealed. The court of appeals affirmed in part and reversed in part. It ruled that Kintner had failed to establish his claim for breach of an employment contract and failed to establish a claim against Hall for tortious interference with a contract. It also held that Kabe's had failed to establish its claim of fiduciary duty, conversion, and fraud. We vacate the decision of the court of appeals and affirm the judgment of the district court on both the appeal and cross-appeal.

Kabe's was incorporated in 1984. Richard Kintner was an original member of its board of directors, its major shareholder, and the manager of its restaurant and motel. It is undisputed that he was the moving force behind the formation of this business venture. Several years after the formation of the business, Kabe's' board of directors terminated Kintner.

The parties raise three issues, all involving the sufficiency of the evidence: (1) Kintner's breach-of-contract claim; (2) Kabe's' claim of breach of fiduciary duty, conversion, and fraud; and (3) the claim for tortious interference with an employment contract.

■ When reviewing a motion for judgment notwithstanding the verdict, we consider whether the evidence, taken in the light most favorable to the nonmoving party, together with every legitimate inference that may be fairly or reasonably deduced therefrom, shows that the movant was entitled to a directed verdict at the close of all of the evidence. *McGough v. Gabus,* 526 N.W.2d 328, 334 (Iowa 1995).

### I. *The Claim for Breach of Employment Contract.*

■ The general rule is that, in the absence of consideration in addition to the employee's mere promise to perform an employment contract, the contract is construed to be for an indefinite term and is terminable at the will of either party. *Wolfe v. Graether,* 389 N.W.2d 643, 652 (Iowa 1986); *Albert v. Davenport Osteopathic Hosp.,* 385 N.W.2d 237, 238 (Iowa 1986).

■ In *Wolfe,* we distilled the rules applicable to suits on employment contracts.

An at-will employee may be terminated at any time for any reason. In a contract of employment, which by its express terms is for a definite time or to last until a definite day, the employer may not discharge the employee before that time unless cause is shown or there is some reason for discharge provided for in the contract. Contracts that either expressly offer lifetime or permanent employment or those that a trier of fact has interpreted as offering such employment based on extrinsic evidence will be interpreted as indefinite and terminable at will in the absence of some consideration in addition to the services to be rendered. In addition, the question of what constitutes sufficient additional consideration must be determined on a case-by-case basis. *Wolfe,* 389 N.W.2d at 652–53.

■ Kintner claims that the members of the board of directors intended that Kintner would work at Kabe's for as long as he wished, or until retirement. The testimony at trial by the original members of the board of directors supported this claim.

The court of appeals found that Kintner had failed to establish an express agreement for continued employment and failed to show that the corporation offered such employment. While it is true there was no document presented that established a "permanent" contract of employment, it is not necessary that a single written document be presented to establish such a contract. *See Dallenbach v. Mapco Gas Prods., Inc.,* 459 N.W.2d 483, 486 (Iowa 1990) (existence of an oral contract, its terms, and whether it was breached are ordinarily questions for a trier of fact).

The district court specifically instructed on the necessity for proving additional consideration in order to make out an enforceable contract. Instruction No. 19 stated:

With respect to Richard Kintner's counterclaim against Kabe's Restaurant, Ltd., Richard Kintner must prove the following propositions:

1. He had a contract with Kabe's Restaurant, Ltd.;

2. The terms were for employment until retirement;

3. Richard Kintner provided additional consideration for employment until retirement;

4. Kabe's Restaurant, Ltd. terminated Richard Kintner prior to retirement without cause;

5. The amount of damages.

If you find that Richard Kintner has failed to prove any of the above propositions, he cannot recover damages under this claim. If Richard Kintner has proved all of these propositions, he is entitled to recover damages in some amount.

There was evidence that, prior to the establishment of the business, Kintner located a site for the business. He invested at least $60,000 to purchase the restaurant and sought out additional investors to create the business. We believe that testimony by the directors of the intent to furnish employment until Kintner's retirement, coupled with this evidence of additional consideration, was substantial enough to submit the case to the jury.

We conclude that the district court correctly denied Kabe's' motion for judgment notwithstanding the verdict.

## II. The Claims for Fraud, Conversion, and Breach of Fiduciary Duty.

Kabe's contends that the district court abused its discretion in denying its posttrial motions on its claims based on improper payments made by Kintner.

While Kabe's presented considerable detailed evidence to support its allegations, Kintner argued that most of the payments were consistent with his duties as a manager in the restaurant industry. Moreover, Kintner contended that Kabe's' board of directors ratified the disputed payments. *See Fort Dodge Creamery Co. v. Commercial State Bank*, 417 N.W.2d 245, 246 (Iowa App.1987) (acquiescence by principal in series of acts by agent indicates authorization to perform similar acts in the future).

The jury apparently found that Kintner acted prudently and in good faith or that the corporation had in any event ratified Kintner's acts. We cannot say that, as a matter of law, Kabe's was entitled to recover on its claims for fraud, breach of fiduciary duty, and conversion.

## III. Claim for Tortious Interference with an Employment Contract.

Kintner argues that the court erred in granting Hall's motion for judgment notwithstanding the verdict with respect to Kintner's claim of tortious interference with his employment contract. The court of appeals agreed with the district court and affirmed the order granting Hall's motion for judgment notwithstanding the verdict.

When viewed in the light most favorable to Kintner, the evidence showed that Hall and Kintner had conflicting views about the way the business should be managed. At one time, Hall attempted to persuade the other directors to sell the business while Kintner was out of the state. Kintner contends that Hall became embarrassed when the shareholders rejected the proposal to sell the business and that Hall was "perturbed" at Kintner. It was apparently Hall who called a special board meeting to discuss Kintner's job performance, and Kintner even contends that Hall "orchestrated" his termination. There is no question that Kintner and Hall had disagreements. There was also evidence that Hall was less than tactful in attempting to impose his judgment in matters concerning the corporation.

However, because Hall had both a financial interest in and a fiduciary duty to Kabe's, he had a qualified privilege to interfere with contractual relationships between the corporation and a third party. *Bossuyt v. Osage Farmer's Nat'l Bank*, 360 N.W.2d 769, 778 (Iowa 1985); *see Hunter v. Board of Trustees*, 481 N.W.2d 510, 518 (Iowa 1992); *see also* Restatement (Second) of Torts § 769 (1939). To hold otherwise would tend to hinder directors of a corporation from acting on their judgment for the interest of the corporation. *Bossuyt*, 360 N.W.2d at 778–79. There was no evidence to show that Hall exceeded his qualified privilege, regardless of whether Kabe's breached its contract with Kintner. We agree with the district court and the court of appeals that an action for tortious interference with an employment contract cannot lie in this case. Accordingly, we affirm on this issue.

We vacate the decision of the court of appeals and affirm the district court on all issues. We remand for entry of an order accordingly.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**