[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT SHAWMUT BANK'S MARCH 15, 1996MOTION TO STRIKE THE SECOND COUNT OF PLAINTIFF'S REVISED COMPLAINT
Pursuant to Practice Book Section 152 et seq., the defendant Shawmut Bank, N.A. (Shawmut) has moved to strike the second count of the plaintiff's revised complaint filed on March 1, 1996. Shawmut moves to strike count two on three separate grounds. One ground is that the Connecticut Uniform Commercial Code's (UCC), General Statutes § 42a-1-101 etseq.,fraud allocation provisions displace a common law claim in negligence. A second ground is that a payor bank does not owe a depositor a common law or statutory duty of ordinary care with regard to the manner in which it makes payment on items drawn upon it. A third ground is that Shawmut was not the proximate cause of the plaintiff's loss. The Court disagrees with all three grounds and for the reasons stated below denies the motion to strike the second count.[1]
Factual Background
On March 1, 1996, the plaintiff, Jan Van Der Werff, as conservator of the estate and/or person of Elaine Thornblade (Thornblade), filed a four count revised complaint against the defendants, Shawmut and Taras Eugene Kapij (Kapij). The first and second counts allege liability on the part of Shawmut; the third and fourth counts are directed to Kapij.
In paragraphs one through nine of the first count, the plaintiff alleges, in substance, the following facts. On diverse days between September 9, 1993, and July 15, 1994, Kapij presented, and Shawmut cashed and charged to Thornblade's account, two hundred and fifteen checks totalling $61,001. The signatures on the checks were not made by Thornblade or by her authority. On or about July 26, 1994, Thornblade allegedly notified Shawmut of the unauthorized withdrawals from her account. In paragraph ten, the plaintiff alleges that Shawmut's actions violated General Statutes §42a-4-401.
The second count, which incorporates the allegations of CT Page 9672 paragraphs one through nine of the first count, further alleges that Shawmut was negligent in dealing with the forged checks and failed to exercise ordinary care in that Shawmut knew or should have known (1) that the pattern, frequency and amount of the checks indicated that fraud was involved or (2) that the plaintiff was elderly and infirm and therefore susceptible to a fraud.
Shawmut does not contest the legal sufficiency of the first count. Its motion to strike focuses solely on the plaintiff's two-pronged common law negligence claim in the second count.
Legal Discussion
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Citation omitted.)Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; (citation omitted) id.; and the grounds specified in the motion. Blancato v. FeldsparCorp., 203 Conn. 34, 44, 522 A.2d 1235 (1987). The motion to strike "admits all facts well pleaded." (Citations omitted.)Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted.) Waters v.Autuori, supra, 236 Conn. 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 826.
 I.
One ground offered by Shawmut in support of its motion is that pursuant to General Statutes § 42a-1-103, the rules contained in applicable sections of the UCC displace a claim for common law negligence. Shawmut argues that in the case of forged checks, the UCC creates a carefully drafted statutory scheme for allocating responsibility between the payor bank and the drawer which fully displaces common law causes of action. Shawmut argues that reliance on common law would thwart the purpose of the fraud allocation rules in articles three and four of the UCC. General Statutes §§ 42a-3-401,42a-3-402, 42a-4-401. Shawmut argues, for example, that if liability was determined by the ordinary care pursuant to CT Page 9673 which checks were cashed then a bank's first line of defense would be that it exercised ordinary care. Such a result, according to Shawmut, would be contrary to the purpose of the UCC. The UCC requires that a bank may charge against the account of a customer only items that are "properly payable." General Statutes Sec. 42a-4-401. The comment to Sec.42a-4-401 states that "[a]n item containing a forged drawer's signature or forged indorsement is not properly payable." General Statutes Section 42a-4-401, Comment 1. In opposition to Shawmut's motion to strike, the plaintiff asserts that Connecticut courts have held that the UCC does not displace common law negligence claims. Review of the cases in Connecticut and in other jurisdictions indicates that the law as to this issue is unsettled.
In Leaksealers v. Connecticut National Bank,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517952 (June 20, 1995, Hennessey, J.), the Court held that the UCC does not displace common law negligence claims. In reaching this conclusion, the Court relied on three Connecticut cases which in turn indicated, in varying contexts, that General Statutes § 42a-3-419 does not displace common law actions. See DiChello v. City Trust Bank Corp.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 270965 (February 22, 1991, Healey, STR.) (acknowledging that a plaintiff may bring a cause of action for conversion under the UCC or common law); Healthcare, Inc. v. Dime SavingsBank of Wallingford, Superior Court, judicial district of New Haven at New Haven, Docket No. 304571 (May 3, 1991, Mihalakos, J., 4 Conn.L.Rptr. 15) (denying motion to strike common law negligence claim because § 42a-3-419 does not expressly provide that it preempts any common law cause of action);Equipment Distributors, Inc. v. Charter Oak Bank TrustCo., 34 Conn. Sup. 606, 379 A.2d 682 (App. Sess. 1977) (holding that the payment of a check on a forged endorsement constitutes a specific act of conversion under § 42a-3-419, and payment of a check on an unauthorized endorsement may also constitute a common law conversion).
Our Supreme Court has held that General Statutes §42a-1-207 does not displace the common law defense of accord and satisfaction. County Fire Door Corp. v. C. F. Wooding Co.,202 Conn. 277, 283 520 A.2d 1028 (1987). However, there are Superior Court cases which conclude that the UCC does displace the common law. In Halsey v. Merrill. Lynch, Pierce, Fenner Smith,
CT Page 9674Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 307979 (January 31, 1994, Vertefeuille, J.), the Court, citing Childs v. Federal Reserve Bank,719 F.2d 812, 815 (5th Cir. 1983), held that under § 42a-1-103, § 4-202[2] of the UCC displaces any common law cause of action for negligence. The Court further cited White v.Hancock Bank, 477 So.2d 265, 271 (Miss. 1985), for the proposition that once a check is endorsed and delivered, the rights and responsibilities of the parties are determined by reference to the UCC and not by general negligence law. In another decision, it was held that the comprehensive scheme of article 9 indicates that the common law covenant of good faith and fair dealing is displaced by specific provisions of the UCC.Morris v. Shawmut Bank, Superior Court, judicial district of Waterbury, Docket No. 114860 (October 20, 1994, McDonald, J.)
Although the Connecticut Appellate Court has stated that "[t]he UCC does not displace the common law of tort as it affects parties in their commercial dealings except insofar as reliance on the common law would thwart the purpose of the code", Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,44, 492 A.2d 219 (1985), no Connecticut appellate court decision has squarely addressed the specific issue of whether § 42a-4-401 displaces common law claims for negligence. However, several foreign appellate courts have examined this issue. The California Court of Appeal addressed whether a corporate drawer of forged checks could pursue a common law cause of action against its payor bank for negligent payment of forged checks. Roy Supply, Inc. v. Wells Fargo Bank, N.A.,39 Cal.App.4th 1051, 46 Cal.2d 309 (1995). In that case, the drawers failed to discover some of the claimed forgeries within the one year time period set forth in UCC § 4-406. Id., 317-24. After a detailed discussion of the fraud allocation rules under the UCC, the Court held that the provisions of the UCC are controlling and displace common law negligence claims with respect to the payment of forged checks by a payor bank. Id., 312-18. Other appellate courts have also determined, in a variety of different contexts, that the UCC displaces common law actions. See Joffe v. UnitedCalifornia Bank, 141 Cal.App.3d 541, 190 Cal. 443 (1983) (stating that UCC § 4-401 displaces the common law principles of tort law); Fidelity Casualty Co. v. First City Bank ofDallas, 675 S.W.2d 316 (Tex.Ct.App. 1984) (holding that UCC § 3-418 precludes liability on theories of negligence and CT Page 9675 conversion); Hinkle v. Cornwell Quality Tool Co., 400 Ohio App.3d 162,532 N.E.2d 772 (1987) (finding that UCC § 3-405 displaces common law negligence claims against bank for paying on a forged instrument); but see First Georgia Bank v.Webster, 168 Ga. App. 307, 308 S.E.2d 579 (1983) (concluding that the UCC does not contain an exclusive compilation of a bank's duties). See also the cases cited by plaintiff, I including those cited in footnote 6 of his April 6, 1996 memorandum in opposition, including AmSouth Bank, N.A. v.Spigener, 4 UCC Rep. Serv.2d 115, 505 So.2d 1030 (Ala. 1986), and E.F. Hutton Co., Inc. v. City National Bank,
37 UCC Rep. Serv. 823, 149 Cal.App.3d 60, 196 Cal. 614 (1983).
In summary, it is fair to say that while there is authority on both sides of this issue, no Connecticut appellate court decision requires that the second count be stricken.
The Court acknowledges the scholarly and logical nature of the appellate court decisions from other jurisdictions and the force of the arguments set forth by Shawmut in its memorandum of law in support of its motion to strike. However, in the absence of explicit statutory language requiring displacement and in the absence of a definitive indication from our Appellate or Supreme Court that §42a-1-103 displaces common law claims for negligence, the court concludes that the plaintiff is free to bring both a common law claim for negligence and a claim under § 42a-4-401, because under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint. Practice Book §§ 94, 137; Veits v. Hartford,134 Conn. 428, 434-35, 58 A.2d 389 (1948); Dreier v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985). Concededly, this issue will not be definitively resolved until our Supreme Court devotes its attention to it.
 II.
Shawmut maintains that a payor bank's obligation not to charge improperly payable items against a drawer's account is a contractual and absolute obligation, and moves to strike the second count on the ground that a payor bank does not owe a depositor any common law or statutory duty of ordinary care as to the manner in which it makes payment on checks drawn on it. CT Page 9676 In opposition, the plaintiff argues that the second count sufficiently alleges a duty of ordinary care. The plaintiff further maintains that duty need not be defined in the UCC to exist.
The UCC specifies certain areas in which a bank owes a specific duty of care, such as § 42a-4-202. However, the UCC contains no section requiring a specific duty of ordinary care owed by a payor bank to the drawer regarding the payment of checks. Furthermore, the general reference to ordinary care in General Statutes § 42a-4-103 (e) relates only to the measure of damages. Section 42a-4-103 does not establish a statutory duty of ordinary care. Halsey v. Merrill, Lynch, Pierce,Fenner Smith, Inc., supra. Nevertheless, the UCC's silence as to whether a bank owes a duty to a drawer under common law does not necessarily indicate that no such common law duty exists. See First Georgia Bank v. Webster, supra.
"The requisite duty to use care may stem from a contract, from a statute, or from circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely to result." (Citation omitted.)Sheiman v. Lafayette Bank Trust Co., supra, 4 Conn. App. 45. In Connecticut, a special relationship exists between a customer and his bank. Leaksealers v. Connecticut NationalBank, supra. The Court in Leaksealers denied the bank's motion to strike the plaintiff's common law negligence claim, concluding that the plaintiff's allegation that a checking account was maintained with the bank was sufficient to show that the bank owed a duty to handle its checks with ordinary care. Id.
The second count alleges that Thornblade maintained an account with Shawmut and that Shawmut failed to exercise due care in the handling of that account. More specifically, it is also alleged in the second count "b. That the defendant SHAWMUT knew or should have known that the Plaintiff's ward was elderly and infirm and that she was susceptible to fraud." The plaintiff has thus alleged a negligence claim distinct from the UCC. Construing the facts alleged in the complaint in the light most favorable to the plaintiff, the Court finds that the plaintiff has pleaded sufficient facts to support a common law claim of negligence for purposes of withstanding the motion to strike. CT Page 9677
 III.
Shawmut moves to strike the second count on the third ground that, as a matter of law, any failure on its part to exercise ordinary care was not the proximate cause of the plaintiff's loss. Shawmut argues that it was the charging of the plaintiff's account in contravention of § 42a-4-401, not the cashing of the checks, which caused any damage suffered by the plaintiff. The plaintiff responds by arguing that the second count of the revised complaint alleges, in part, that Shawmut was negligent in the manner in which it cashed the checks. Since the Court has determined that the plaintiff's negligence claim is legally sufficient, the Court is not persuaded by Shawmut's argument.
Conclusion
For the foregoing reasons, in light of the present unsettled state of Connecticut law on the instant issue, the Court denies Shawmut's motion to strike the second count of the plaintiff's revised complaint.
Douglas S. Lavin Judge, Superior Court